ALFRED L. FUSSEY

*v.*

HUGH A. WHITE *et al.*

*Filed at Ottawa May 15, 1885.*

1. WILL—*a devise construed as giving only a life interest, and that confined to the income of the estate.* A testator directed, by his will, first, that all his debts be paid, and then devised all the residue of his property to his executors, to be held by them for the following uses, to-wit: to pay out of the income, $250 per annum to his sister during her life, and $500 to the Methodist Episcopal Church of Evanston; third, that his executors should hold and use the residue of the estate, improve the same, and produce an income, and that his widow should have as much of the income as she might desire for her use and support, and the balance thereof be divided, as equally as possible, between his two children, with the exception of the homestead of his daughter, which his executors were to complete paying for, and then convey the same to her; and fourthly, upon the decease of the widow said property was to be held for the use and benefit of his two children, or their heirs, share and share alike, and stating that it was his desire that each one of his two children should have one-half of the income therefrom, and that upon their decease, their children to have and receive one-half part thereof, etc.: *Held,* that his two children, after the death of the sister and his widow, and the payment of the bequest to the church, took but a life interest as tenants in common, and that their interest was in the income only.

2. SAME—*devise construed as to the character of estate which should go to the ultimate takers—and as to the time of distribution.* The same will further provided: "That upon the decease of my wife, said property be held for the use and benefit of my said children (being a son and a daughter,) or their heirs, share and share alike, it being my desire that each one of them, or their heirs, shall have and receive one-half of the income therefrom, and that upon their decease their children to have and receive one-half part or portion thereof, or in case they, or either of them, leave no children, or descendants of a deceased child or children, then that the whole go to the children or descendants of a deceased child or children of my other child:" *Held,* that the word "thereof," in the clause, "upon their decease their children to have and receive one-half part or portion *thereof,*" referred to the property, and not to the income, and that upon the decease of either one of his children, his or her children should take one-half of the property immediately, without waiting for the death of the testator's other son or daughter.

3. A devise or gift to A and B, as tenants in common, for their lives, and then at their death, or at their deaths, or at the death of A and B, to their

children, goes, upon the death of each tenant for life, to his children. In such case the court will not construe the will as postponing the distribution of every part until the death of the surviving tenant for life, unless an intention to do so is clearly indicated.

4. SAME—*rule of construction, so as to give effect to a will.* Such a construction of a will should be adopted, if it consistently may be, as will uphold it, and not cause it to be rendered of no effect. A devise will not be construed as attempting to create a perpetual trust, and thus render it inoperative, if the words used may be reasonably construed otherwise.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. W. W. FARWELL, Judge, presiding.

Mr. WILLIAM A. MONTGOMERY, for the plaintiff in error:

To hold that the word "thereof," in the fourth clause, relates to the income, would render the devise inoperative, as being an attempt to create a perpetuity. It refers to the property.

The life tenancy created by the will is a tenancy in common. *Cheney* v. *Teese,* 108 Ill. 473; 2 Jarman on Wills, 8.

A court will not construe a will as postponing the distribution of every part until the death of the surviving tenant for life, unless an intention to do so is clearly manifested, although the gift in remainder is in terms of the whole fund. 3 Jarman on Wills, (5th Am. ed.) 16; 2 id. 758; Theobold on Law of Wills, 254.

The trust as to one-half the property was terminated by the death of one of the tenants for life, and the property held for such tenant for life was set free. *Turner* v. *Whittaker,* 23 Beav. 196; *Sarel* v. *Sarel,* id. 87; *Willis* v. *Douglas,* 10 id. 47; *Taviere* v. *Pearkes,* 2 Sim. & St. 383; *Arrow* v. *Millish,* 1 De G. & S. 355; *Doe* v. *Royle,* 66 Eng. C. L. 98; *Abrey* v. *Newman,* 16 Beav. 431; *Swan* v. *Holmes,* 19 id. 471; *Wills* v. *Wills,* L. R. 20 Eq. 342; *Smith* v. *Streatford,* 1 Meriv. 358; *Archer* v. *Legg,* 31 Beav. 187; *Woolston* v. *Beck,* 34 N. J. Eq. 74; *Jackson* v. *Luquan,* 5 Cow. 221; *Bool* v. *Mix,* 17 Wend. 119; *Campbell* v. *Rawden,* 18 N. Y. 412; *Doe* v. *Jackman,* 5

Ind. 283; *Adams* v. *Spaulding*, 12 Conn. 350; *Williamson* v. *Williamson*, 18 B. Mon. 329; *Seely* v. *Seely*, 44 Pa. St. 434.

If the tenants for life take as tenants in common, then, as the share of any one will, on his decease, go over immediately, without waiting for the other shares, it is probable that the testator intended it to continue separate and distinct from the other shares, and consequently.to devolve on the children *per stirpes*. 2 Jarman on Wills, 757, 788.

One point of distribution was at the death of John C. Fussey the elder. *Flinn* v. *Jenkins*, 1 Coll. 365, and cases cited *supra*.

Mr. WILLIAM C. WILSON, and Mr. DAVID L. ZOOK, for the defendants in error:

Under the will, Anna E. Wilson and John C. Fussey, children of the testator, took a life estate only. The capital of the estate was to be kept together as one entire estate, and the point of distribution was at the decease of his last surviving child. Upon the happening of that event the whole estate was to be divided between the grand-children then living, share and share alike,—that is, *per capita*. *Brittain* v. *Carson*, 46 Md. 186; *Maddox* v. *State*, 4 Har. & J. 529; *Tyndale* v. *Wilkinson*, 23 Beav. 74; *Abrey* v. *Newman*, 16 id. 74.

It is a rule that where a gift is made to the children of several persons, whether it be to the children of A and B, or to the children of A and the children of B, they take *per capita*, and not *per stirpes*. *Weld* v. *Bradbury*, 2 Vern. 705; *Lugar* v. *Harman*, 1 Cox, 250; *Blockler* v. *Webb*, 2 P. Wms. 383; *Lady Lincoln* v. *Pelham*, 10 Ves. 176; *Pitney* v. *Brown*, 44 Ill. 363; *Richards* v. *Miller*, 62 id. 425.

Distributees take *per stirpes* only when they stand in unequal degrees; but they always take *per capita* when they stand in equal degrees, without reference to the number of the preceding generation which they represent. 3 Redfield on Wills, (2d ed.) 425.

When a legacy is to the children of several persons, they take *per capita,* and not *per stirpes.*   2 Jarman on Wills, 111.

The rule as above stated is the established law of this State. *Pitney* v. *Brown,* 44 Ill. 363; *Richards* v. *Miller,* 62 id. 425.

A bequest to a class gives the individuals embraced therein an equal share *per capita,* if they are to share and share alike. *Richards* v. *Miller,* 62 Ill. 425; 2 Redfield on Wills, p. 34, par. 25.

Where there is an intervening life estate, all born into that class during that life estate must be let in.   *Mason* v. *White,* 8 Jones' L. 421; *Sims* v. *Smith,* 6 Jones' Eq. 347.

In the case of *Richards* v. *Brown,* 62 Ill. 425, the court says: "The words, too, 'equally,' or 'share and share alike,' or 'to be equally divided,' import an intention,"—and in the case at bar refer not only to testator's children, but to their children,—that is, their children as a class.

If a gift is to a class, even as tenants in common, yet if the members of that class are not to be recorded until a future date, those dying before that period take no interest. Wigram on Wills, 418.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On August 22, 1872, John Fussey, the grand-father of plaintiff in error, died, leaving a widow, and John C. Fussey and Anna E. Wilson, his only children, surviving him.   He left a will, by the terms of which he first required the payment of his debts.   He next devised all the rest and residue of his property to the executors named in the will, to be held by them for the following uses and purposes, to-wit: to pay out of the income, $250 per annum to his sister, Rebecca Fussey, during her life, and $500 to the Methodist Episcopal Church of Evanston.   Third, that his executors should hold and use the residue of the estate as they might deem best, to improve the same and produce an income; that his widow

should have as ample an allowance therefrom as she might desire, for her use and support, and in case there should be more income than she needed, that the rest of the income be equally divided, as near as may be, between the two children of the testator, John C. Fussey the elder, and Anna E. Wilson, with the exception of the homestead used by the daughter, Anna E. Wilson, and her husband, at Goshen, in the State of Indiana, which the executors were to complete paying for, and then convey to said daughter, for her own and the use of her children. Fourth, "that upon the decease of my wife, said property be held for the use and benefit of my said children, or their heirs, share and share alike, it being my desire that each one of them, or their heirs, shall have and receive one-half of the income therefrom, and that upon their decease their children to have and receive one-half part or portion thereof, or in case they, or either of them, leave no children, or descendants of a deceased child or children, then that the whole go to the children or descendants of a deceased child or children of my other child."

On September 7, 1876, Hugh A. White, administrator *de bonis non* with the will annexed, filed his petition in the circuit court of Cook county, praying for a construction of the will, and in case the court was of opinion that the estate of John Fussey, deceased, should be held in trust, that a trustee should be appointed to execute and carry out the provisions of the will. Mary Fussey, widow of the testator, died March 3, 1874, before the filing of the petition, leaving her surviving, her two children, John C. Fussey the elder, and Anna E. Wilson, her only heirs at law. John C. Fussey the elder died January 16, 1876, also before the filing of the petition, leaving him surviving his widow, Josephine, (who, since the entry of the decree herein, has married, and is now known as Josephine Cook,) and his two sons, John C. Fussey the younger, and Alfred L. Fussey, plaintiff in error, his only heirs at law. Rebecca Fussey, the annuitant under the will,

died pending the suit in the lower court, and the bequest to the Methodist Episcopal church was paid before the entry of the decree.

The circuit court, upon final hearing, found that under the will the interests and estates of Mary Fussey, widow, and John C. Fussey the elder, son of the testator, were life estates, which had determined by reason of their decease, and that Anna E. Wilson, daughter of the testator, had also, under the will, only a life estate, and that the income from the estate, after paying for the Goshen homestead, should be divided into two equal parts, and one part thereof paid to Anna E. Wilson for the remainder of her natural life, and the other part thereof to the descendants of John C. Fussey the elder; and in case the descendants of John C. Fussey the elder should become extinct before the death of Anna E. Wilson, then the whole income should be paid to said Anna E., and that upon the death of said Anna E. the whole of said estate then remaining should be divided between the descendants of said John C. Fussey the elder, and Anna E. Wilson, then living, *per stirpes.* The court also appointed Hugh A. White trustee. Since the entry of the decree John C. Fussey the younger has died intestate, leaving him surviving his mother, (now Josephine Cook,) and his brother, Alfred L., plaintiff in error, his only heirs at law.

The controversy arises upon the fourth clause of the will. The widow having deceased, the property, by this clause, is to be held for the use and benefit of the testator's two children, or their heirs, share and share alike. It is clear enough that the children take but a life interest as tenants in common, and that that interest is in the income, only. The doubt is as to the disposition upon the death of one of the children. The reading of the clause is, "that upon their decease, their children to have and receive one-half part or portion thereof." There is somewhat of uncertainty as to what "thereof" refers—whether to income or property. If

to income, then there would be nothing disposed of by the will except the income, and there would be established a perpetual trust in favor of the testator's children and their heirs, and so a perpetuity created, which would render the whole clause void, and the estate would become intestate, thus producing the same result as that to which we arrive in holding the word "thereof" refers to property. Such a construction should be adopted, if it consistently may be, as will uphold the will, and not cause it to be rendered of no effect. The true construction, in our opinion, is, that the word "thereof" refers to property spoken of in the next preceding sentence, so that it is the property, and not the income from the property, which is to pass to the grand-children. This being so, there is another question, as to the time when the property passes, —whether the one-half part upon the death of one tenant for life, or only upon the death of the surviving life tenant, Anna E. Wilson. The devise is, "that upon *their decease,*" their children to have and receive one-half part or portion thereof. The meaning of this is, that upon the decease of either one of the two, his or her children are to take one half of the property. The construction is very well settled that in such cases "upon their decease" means upon their respective deaths. "It seems clear that a gift to A and B, as tenants in common, for their lives, and then, at their death, or at their deaths, or at the death of A and B, to their children, goes, upon the death of each tenant for life, to his children." Theobold's Law of Wills, 254, and cases there cited. And see *Woolston* v. *Beck,* 34 N. J. Eq. 74; *Jackson* v. *Luquere,* 5 Cow. 221. In such a case the court will not construe the will as postponing the distribution of every part until the death of the surviving tenant for life, unless an intention so to do is clearly indicated. 3 Jarman on Wills, 16.

It may be said that there is here an intention manifested that nothing but the income should be paid over until the decease of both the life tenants, in the use of these preceding

words: · "It being my desire that each one of them, or their heirs, shall have and receive one-half of the income therefrom." To give full effect to this language would be to limit the heirs' interest to income only, which we find not to be the true meaning. As it is the property, and not the income, merely, from the property, which we find to be given to the heirs, it does not appear to be a reasonable construction that intermediate the deaths of the two children of the testator the children of the one first deceased should take but income, and postpone their taking of the property itself until the death of the surviving life tenant. There is a very clear expression that the testator's children should take but income, but there is no distinct indication of intention that any interest which their heirs are to take is to be limited to income, only. The mere expression that each one of the children, "or their heirs," shall receive one-half of the income, we do not take as doing so. A child might die leaving accrued income in arrear, not having been paid over to him, and that would go to his heirs. In this way the words, "or their heirs," may be satisfied, and find scope for their operation.

Our conclusion is, that the court below erred in postponing the distribution of one-half of the property to the descendants of John C. Fussey the elder, to the time of the death of Anna E. Wilson,—that the proper time for such distribution was upon the death of John C. Fussey the elder.

The decree will be reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed.*