**Charles Westis, Plaintiff-Appellee, v. Barnett Aughinbaugh, Defendant-Appellant.**

**Gen. No. 10,810.**

Second District.

February 17, 1955.

Rehearing denied June 17, 1955.

Released for publication June 20, 1955.

Snyder, Clarke & Dalziel, of Waukegan, for appellant; William A. Holmquist, of Waukegan, of counsel.

Smith & Munson, of Chicago, for appellee; Lester E. Munson, of Chicago, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

Charles Westis filed a suit in the circuit court of Lake county, charging that he was injured through the negligence of Barnett Aughinbaugh. The case was tried before a jury that rendered a verdict in favor of the plaintiff for $8,750. The defendant, Aughinbaugh, has perfected an appeal from that judgment to this court. He alleges that the verdict and judgment is

grossly excessive, and the court erred in giving one instruction on behalf of the plaintiff and refusing to give an instruction requested by the defendant.

Charles Westis was employed at the O. W. Lehmann Estate Farm, caring for the horses. On September 9, 1951, he placed two bales of hay in a wheelbarrow and took them north about two blocks on state hardroad route no. 59 in Lake county. He opened the bales of hay and threw them over the fence to some horses that were in the pasture. He then started back to the barn with his wheelbarrow. After he had gone about 150 feet, a car driven by the defendant, Aughinbaugh, struck the wheelbarrow which Westis was pushing and Westis was injured. At the place where Westis put the hay over the fence for the horses, there was an intersecting road to the west at the top of a small hill. There was a caution sign, "slow" north of this intersecting road.

Westis testified that as he was going down the road towards the barn he was pushing his wheelbarrow off on the shoulder of the road and was not on the pavement. The defendant and his brother testified that he was on the paved portion of the highway. The defendant did not assign as error in the trial court, nor does he argue in this court, that the verdict of the jury is contrary to the manifest weight of the evidence, so we will have to assume that the jury properly found that the defendant was negligent, and that his negligence was the proximate cause of plaintiff's injuries, and that the plaintiff himself was in the exercise of due care and caution for his own safety.

The court gave the following instructions to the jury at the request of the defendant. "36. There was in full force and effect at the time of the occurrence in question the following statute: (Given.)

'It is the duty of any person walking along and upon improved highways to keep on the left of the paved

96

portion or on the left shoulder thereof, and upon meeting a vehicle when walking on the said paved portion to step off to the left.' 35. There was in full force and effect at the time of the occurrence in question the following statute of the State of Illinois: (Given.)

'Every pedestrian crossing a roadway at any point other than within a marked crosswalk, or within an unmarked crosswalk, at an intersection shall yield the right-of-way to all vehicles upon the roadway.

'Notwithstanding the provisions of this section the driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway.' "

At the request of the plaintiff, and over the objection of the defendant, the court gave the following instructions: "A. There was in full force and effect at the time of the occurrence in question the following statute of the State of Illinois: (Given.)

'Motor vehicle. Every vehicle which is self-propelled and every vehicle which is propelled by electric power obtained from overhead trolley wires, but not operated upon rails.' For the purpose of this Act, motor vehicles as a class shall be divided into two divisions, viz.:

'First: Those vehicles which are designed and used for the carrying of not more than seven persons.

'No person shall drive a vehicle of the first division as described in Article I of this Act, upon any public highway in this state at a speed greater than is reasonable and proper having regard to the traffic and the use of the way or so as to endanger the life or limb or injure the property of any person.

'The fact that the speed of a vehicle is lower than the foregoing prima facie limits shall not relieve the driver from the duty to decrease speed when approaching and

crossing an intersection, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, or when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions, and speed shall be decreased as may be necessary to avoid colliding with any person or vehicle, on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.' "

The latter instruction is the one that the appellant now claims that the court committed reversible error by giving. It will be observed that both the plaintiff and the defendant gave three statutory instructions. In the plaintiff's complaint he charges the defendant with the following acts of negligence and carelessness: "That the defendant carelessly and negligently drove, managed and operated his motor vehicle; carelessly and negligently failed and omitted to keep a good and sufficient lookout for persons and things in the highway there; carelessly and negligently drove his motor vehicle upon the public way at a speed greater than was reasonable and proper having regard to the traffic in use of the way so as to endanger the life or limb of such persons in and upon said highway there, and which rate of speed was in excess of 25 miles per hour contrary to and in violation of the provisions of the Uniform Act regulating traffic on the highways of the State of Illinois, Smith-Hurd Illinois Annotated Statutes, chapter 95½, section 146; carelessly and negligently failed and omitted to give any warning of approach of his motor vehicle; carelessly and negligently drove his motor vehicle with a conscious indifference to surrounding circumstances and conditions and at a rate of speed that was greater than reasonable and proper having regard to the traffic and use of the way, contrary to the provisions of the Uniform Act regu-

98

lating traffic on the highways of the State of Illinois; carelessly and negligently failed to decrease the speed of his motor vehicle when a special hazard existed with respect to pedestrians by reason of highway conditions, contrary to and in violation of paragraph C of section 49 of article 6 of the Uniform Act regulating traffic on the highways of the State of Illinois; carelessly and negligently failed to yield the right-of-way to the plaintiff, in violation and in contravention of the provisions of the Uniform Act regulating traffic on the highways of the State of Illinois."

It will be observed that reading the instruction complained of that it follows the charge of negligence in the complaint, and while it is always questionable whether the words of the statute should be quoted in an instruction, it seems to us that in this case it was not error to give this instruction. It is not a peremptory instruction and considered with the other instructions in the case it properly states the law.

Whether the instruction complained of was erroneous or not the appellant is not in a position to raise this question in this court, because he gave three statutory instructions relative to the same subject. In the case of The Spring Creek Drainage Dist. v. Greenawalt, 335 Ill. 147 at p. 148, our Supreme Court had the same question before it to decide, and we there find the following: "A party cannot complain of an erroneous instruction where his own instruction is subject to the same criticism. Springer v. City of Chicago, 135 Ill. 552; McInturff v. Insurance Company of North America, 248 id. 92; Harney v. Sanitary District, 260 id. 54."

In the case of McInturff v. Insurance Co. of North America, supra, we find the following: "There is, however, another satisfactory answer to the contention of plaintiff in error in this regard. Plaintiff in error, by its eighth, ninth, fifteenth and sixteenth instructions, procured the trial court to declare the same rule as to

99

the quantity of proof required as that laid down in the instruction complained of. A party cannot complain of an error in instructions when the same error is found in the instructions offered by the complaining party." To the same effect is Lerette v. Director General of Railroads, 306 Ill. 348; Fleming v. Elgin, J. & E. Ry. Co., 275 Ill. 486; Lill v. Murphy Door Bed Co. of Chicago, 290 Ill. App. 328, and People v. Rudnicki, 394 Ill. 351. Practically all of the cases relied upon by appellant to show that the instruction was erroneous, refer to prima facie speed limits. In the present case the expression is not used.

It is our conclusion if there was any error that the trial court may have committed in giving the instruction, that the defendant has waived that error by tendering the instructions that the court gave. The appellant also contends that the court erred in refusing to give his instruction that is commonly called an emergency, that is, that the defendant was not required to use the same high degree of care that he would have ordinarily used if he had not been confronted with an emergency. His tendered instruction has been approved a great many times, when the facts and circumstances in evidence were such that the sudden emergency rule was applicable, but in the present case the defendant was approaching a considerable hill and could not see very far ahead of him on the road. Just as he crossed the brow of this hill, the appellee was in plain sight of him, and there was no reason why he could not see him, as he was driving down the road, so we think that the court properly refused his tendered instruction.

The appellant contends that the verdict of the jury of $8,750 is grossly excessive; that the man was out of work but a short time and his doctor and hospital bill was only $700. The evidence shows that Mr. Westis was a man advanced somewhat in years,

100

but had a life expectancy of more than seven years. At the time he was injured, he was earning $150 a month; that he suffered considerable pain at the time of the injury, and is still suffering considerable pain caused from the injury, and while he has worked some since his injury, he claims that he had to quit work on account of the injuries. With the exception of the money actually paid out by the plaintiff for hospital and doctor bills, there is no exact way of fixing the damage that the plaintiff sustained. We must take into consideration his earning capacity and for pain and suffering that he has suffered, and will suffer in the future, and after considering all of these elements, it is for the jury to say what the damages really are, and we cannot say that the jury's verdict was so excessive that it should be set aside. It is our conclusion that the judgment appealed from should be affirmed.

Affirmed.