Illinois Transit Lines, Inc., and Kenneth DeFosse, Plaintiffs-Appellants, v. Packer City Transit Lines, Inc., and Herman Debban, Defendants-Appellees.

Packer City Transit Lines, Inc., Plaintiff-Appellee, v. Illinois Transit Lines, Inc., and Kenneth DeFosse, Defendants-Appellants.

**Gen. No. 10,025.**

Third District.

February 23, 1956.

Released for publication March 12, 1956.

Earl S. Hodges, of Springfield, for plaintiffs-defendants-appellants; Samuel C. Patton, of Springfield, of counsel.

Harold G. Talley, of Alton, and Giffin, Winning, Lindner & Newkirk, of Springfield, for defendants-plaintiff-appellee; Harold G. Talley, of Alton, Alfred F. Newkirk, and Robert H. Brunsman, of Springfield, of counsel.

JUDGE CARROLL delivered the opinion of the court.

As the result of a collision between the truck of Packer City Transit Lines, Inc., and a bus owned by Illinois Transit Lines, Inc., two suits were filed in the Circuit Court of Sangamon County. One action was brought by Packer City Transit Lines, Inc. (hereinafter referred to as plaintiff) for damages to its truck and cargo and a similar action for property damage was filed by Illinois Transit Lines, Inc., and Kenneth DeFosse, its driver (referred to herein as defendants).

The cases were consolidated for trial resulting in a verdict for plaintiff. The court overruled defendants' motions for judgment notwithstanding the verdict and for a new trial and entered the judgment from which defendants bring this appeal.

Defendants contend (1) that the Trial Court erred in denying their motions for a directed verdict and for judgment notwithstanding the verdict because plaintiff and its driver employee were guilty of contributory negligence as a matter of law and (2) that the Trial Court erred in denying their motion for a new trial because of the giving of certain instructions tendered by plaintiff.

Facts not appearing to be disputed are that on June 17, 1949 a group of about 35 employees of Sangamo Electric Company of Springfield, Illinois, chartered a

163

bus from Illinois Transit Lines, Inc. for transportation to a baseball game in St. Louis, Mo.; that the bus was driven by Kenneth DeFosse a mechanic and part-time driver for the bus company; that following the game, the bus left St. Louis to return to Springfield at approximately 11:30 P. M. Daylight Saving Time; that a stop of about ½ hour was made at Edwardsville, Illinois; that the bus then proceeded North on U. S. Highway 66; that about 1½ miles South of Staunton Junction where the highway is two lanes in width, the bus overtook and passed the truck and then returned to its own or the right hand lane and continued North; that at Staunton Junction U. S. Route 66 becomes a 4-lane highway and continues as such for about 3 city blocks to an underpass; that North of the underpass the 2 North bound traffic lanes are separated from the 2 South bound lanes by a grassy island or parkway approximately 30 feet wide; that about ¼ of a mile North of the underpass the 4 traffic lanes converge into 2 lanes; that there was a barricade for the 2 North bound lanes where the same veer to the West to converge with the 2-lane highway going North; that there was a black line in the center of the converging lanes with a yellow or "no passing" line starting 300 feet South of the island dividing the 4 lanes; that on the East side of the 4-lane highway and a block to the South of the barricade there was a restaurant and service station known as the Mill Cafe; that about 400 feet South of the barricade there was a driveway across the island to permit Southbound traffic to enter the area of the Mill Cafe; that at a point in the general vicinity of the barricade and where the 2 North bound lanes swing West to merge with the 2-lane highway, the right front of the truck collided with the left side of the bus; that the 2 vehicles locked together, proceeded some distance and came to rest both headed West and partly on the West shoulder of the road; that the truck caught fire and the same

164

together with its cargo of pickle jars was completely destroyed.

The evidence as to the conduct of the drivers of both vehicles at and just prior to the time of the occurrence is in dispute. However, on this review we are not concerned with the fact that on the question of the contributory negligence of plaintiff the evidence may be in conflict. This is true because the defendant does not argue that the verdict is manifestly against the weight of the evidence but seeks reversal on the ground that plaintiff and its driver were guilty of contributory negligence as a matter of law.

■■ If this argument is to prevail, then this court must find upon consideration of all the evidence together with all reasonable inferences which may be drawn therefrom, in its aspect most favorable to plaintiff, that there is a total failure or lack of evidence fairly tending to prove due care on the part of the plaintiff. Contributory negligence becomes a question of law only when all reasonable men would agree that the injury complained of resulted from plaintiff's own negligence. McDonald v. Stiner, 342 Ill. App. 651; Wallis v. Villanti, 2 Ill.App.2d 446; Citizens Nat. Bank of Decatur v. Doran, 3 Ill.App.2d 383.

Plaintiff's driver, Herman Debban, testified that as he came up from under the underpass he saw the bus stopped or parked on the right side of the pavement in the right traffic lane going North; that the bus was headed North in the portion of the highway which converges into the 2 North bound lanes; that the bus was "dead headed" for and near the barricade; that he could see the stoplights on the bus and the bus itself; that he approached the bus at approximately 30 miles per hour; that he signalled with his headlights by blinking them up and down with the dimmer switch; that the purpose of the blinking was to signal his intention to pass the parked bus; that when about 50 feet from the rear of the bus he started to pull across

165

to the left traffic lane; that the bus was then stationary; that when he was astraddle the yellow and black lines of the pavement and about 35 feet from the bus, it suddenly and without warning started up; that the bus driver gave no signal of his intention to start or turn; that the bus made a sharp left-hand turn—a "U" turn; that he applied his brakes hard enough to make tracks on the pavement and pulled to the left but that the 2 vehicles collided.

Vernon Warhaust and Oscar Maurer, passengers on the bus, testified the bus was stopped on the East side of the pavement at the point fixed by Debban; that the bus driver had been requested to stop at the Mill Cafe but had passed up the driveway to same; that the bus driver was making a turn to go back to where he could cross the island into the Mill Cafe; that after glancing in his rearview mirror he put the bus in gear and made a 90-degree turn to his left; that the direction the bus moved would be "across lane of traffic going North to the West" and that the collision occurred a little North of the island.

Police Officer John Kahle testified that the night of the accident he interviewed the bus driver who told the witness that he planned to return to the Mill Cafe for a rest stop and was making a "U" turn to go back to the Cafe when the collision occurred.

While the foregoing testimony does not represent all of the evidence, we deem it sufficient for the purpose of determining the question as to whether in this case the plaintiff failed to produce proof upon the essential element of due care.

The defendants' argument appears to proceed upon the theory that if the truck crossed the yellow or "no passing" line in attempting to pass the bus or failed to give the required passing signal, such conduct on the part of the truck driver, under the circumstances then existing, constituted contributory negligence as a matter of law.

166

In passing upon defendants' motions for a directed verdict and for judgment notwithstanding the verdict, the Trial Court was only required to consider the evidence in the record favorable to plaintiff together with all favorable inference which might be drawn therefrom and if such evidence thus considered fairly tends to prove that plaintiff exercised due care then the issue of contributory negligence was properly submitted to the jury. Sims v. Chicago Transit Authority, 4 Ill.2d 60; Geraghty v. Burr Oak Lanes, Inc., 5 Ill.2d 153.

In brief, the testimony of Debban the truck driver was that the bus was stopped on the highway; that when he attempted to pass after blinking his lights the bus suddenly started and without warning made a sharp "U" turn to the left and although he applied his brakes the collision occurred. We do not think the fact that the truck driver crossed the yellow line to pass a vehicle standing in his lane of traffic is contrary to what a reasonably prudent person would do under the same circumstances. It would appear most reasonable for the driver to assume that the parked bus would not suddenly turn to the left. In order to be considered in the exercise of due care Debban was not required to stop the truck until such time as the bus might proceed. Coming upon a parked or stalled vehicle upon the highway is not an uncommon experience. The fact that the bus was stopped on the highway near the barricade would seem to afford a reasonable assumption on the part of the truck driver that the bus would not suddenly make a sharp turn to the left. Under the circumstances, the conduct of Debban, who was in control of his vehicle, in blinking his lights and pulling to the left reasonably supports no conclusion that he was negligent in so doing.

The term contributory negligence is not susceptible of exact definition. That which constitutes such negligence in a given case depends upon the cir-

167

cumstances which call for the exercise thereof. A court is permitted to say that the conduct of a person renders him guilty of failing to exercise due care only when it can be said that in his action he was clearly and palpably negligent. Thomas v. Douglas, 1 Ill.App. 2d 261; Sims v. Chicago Transit Authority, supra.

We are of the opinion that consideration of the evidence favorable to plaintiff in the light of the law applicable thereto must lead to the conclusion that it fairly tends to establish due care on the part of plaintiff.

■ The issue of contributory negligence thus became a controverted fact question and the Trial Court did not err in submitting the same to the jury.

■ Defendants' contention that the Trial Court erred in denying their motion for a new trial is grounded upon the giving of four instructions tendered by plaintiff and designated in the record as Nos. 20, 13, 12 and 17. The criticism leveled at Instruction No. 20, which is on the subject of assessing damages, is that it did not limit the jury's consideration of the evidence to that pertaining to damages and also only required that the damages must be proven by the evidence and not by a preponderance thereof. Since it appears that defendants given Instruction No. 8 is subject to the same criticism, they are not in a position to maintain their complaint as to Instruction No. 20. Westis v. Aughinbaugh, 6 Ill.App.2d 94.

■ Instructions Nos. 13 and 12 relate only to the contributory negligence of defendants in their suit against plaintiff and Herman Debban and as on this review we are concerned only with the case in which plaintiff obtained judgment, the above instructions are not properly before this court for review. Defendant's claimed error in the giving of plaintiff's Instruction No. 17 is not included under Points and Authorities in their brief as required by Rule 7 of this court

and accordingly the same is not entitled to consideration.

The instructions in this case considered together appear to have correctly informed the jury as to the law applicable to the evidence and it would not appear that the giving of the same resulted in prejudice to defendants as claimed.

For the reasons herein indicated, the judgment of the Circuit Court is affirmed.

Affirmed.