**David T. Compton and State Farm Insurance Companies, as Subrogee of David T. Compton, Plaintiffs-Appellants, v. Paul E. Frank, Defendant-Appellee.**

**Gen. No. 53,192.**

First District, Third Division.

June 18, 1970.

Dudley R. Sullivan, of Chicago (John J. O'Connor, of counsel), for appellants.

Paulson & Ketchum, of Chicago (Samuel C. Morris, of counsel), for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Plaintiff David Compton brought an action against defendant for personal injuries arising out of a collision between two automobiles. Plaintiff insurance company as Compton's subrogee, brought an action against defendant for property damages arising out of the accident, and the causes were consolidated. Defendant died subsequent to the filing of the lawsuits, and the administrator of his estate was substituted in his stead. The trial court granted defendant's motion for a directed jury verdict at the close of plaintiffs' case, entered judgment on the verdict and plaintiffs appeal.

Because of defendant's death, the Dead Man's Act, Ill Rev Stats 1961, c 51, § 2, was applied in the instant case. That Act with certain enumerated exceptions renders a party or interested person an incompetent witness when he is suing or defending against a party who is protected under the Act. Consequently Compton was incompetent to testify as to the facts of the accident. There were no other eyewitnesses to the accident.

At trial, an Illinois State trooper testified that at about 8:00 a. m. on August 30, 1962, he investigated an accident which occurred on Route 53, a rural road. Then photographs of Route 53 at the area of the accident scene were introduced by plaintiff. Thereafter the trial court, over defendant's objections, permitted plaintiffs to read into evidence portions of a discovery deposition made by defendant's decedent, on the theory that these statements made at the discovery deposition constituted clear and positive admissions by defendant's decedent. Following that, defendant, over objections of plaintiffs, read other portions of the same discovery deposition into evidence. Plaintiffs then requested that plaintiff Compton be per-

mitted to testify in rebuttal to those statements which had been read into evidence by counsel for the defense. The trial court refused to allow Compton to testify in rebuttal; plaintiffs rested; and the directed verdict followed.

Plaintiffs appeal, contending that the trial court erred in granting defendant's motion for a directed verdict; that it erred in allowing certain statements of defendant's decedent to be introduced by the defense; and that it erred in refusing to allow Compton to testify in rebuttal to those statements. While urging affirmance of the judgment, defendant argues in this court that the trial court erred in allowing plaintiffs to read into evidence parts of the discovery deposition of defendant's decedent without defendant having first introduced the deposition or any of its parts into evidence.

Because of our view of the proceedings, we deem it unnecessary to consider most of the points on appeal urged by both sides. We find that the trial court properly directed a verdict and entered judgment thereon in favor of defendant, because, even assuming that all of the testimony adduced at trial by plaintiffs was properly admitted, plaintiffs failed to sustain their burden of proving that Compton exercised due care in the operation of the vehicle. Thus it is not necessary that we determine the propriety of the trial court's rulings as to the admissibility of portions of decedent's discovery deposition. The portions of deceased's discovery deposition which were read into evidence by plaintiffs were as follows.

On August 30, 1962, decedent was driving to work on Route 53, a two-lane road. He was driving south, and intended to make a left turn into a private driveway which led to his place of employment. He was approximately one hundred fifty feet north of the driveway and travelling at a speed of about twenty-five miles per hour when he first noticed the vehicle operated by Compton

in his rear-view mirror. Compton's vehicle was about one hundred feet behind him, and starting to enter the east lane. Decedent did not notice Compton's vehicle again until the impact. As decedent made the turn, he noticed a slight touching of the left front fender of his vehicle with the right side of Compton's vehicle. Compton's vehicle then swerved off the road and struck a tree. The first touching of the vehicles occurred on the private driveway, about three or four feet east of the road.

Defense counsel then read into evidence certain other statements made by decedent at the discovery deposition. There were "NO PASSING" signs on the road in question, and decedent's turn signal was turned on when he was four hundred feet north of the driveway.

Plaintiffs made an offer of proof that if Compton were permitted to testify in rebuttal, he would state that decedent's turn signal was not on and would deny that the area of the accident was a no-passing zone.

In a negligence action plaintiff has the burden of establishing that he was in the exercise of due care for his own safety and free from contributory negligence. Plaintiff's exercise of due care need not be established by direct testimony, but may be proved by circumstantial evidence. And due care may be inferred from all the facts and circumstances shown to exist prior to and at the time of the collision. Devine v. Delano, 272 Ill 166, 111 NE 742 (1916). However, due care cannot be established by speculation and conjecture, and where plaintiff is unable to show due care by direct proof he must disclose facts from which it may reasonably be inferred. Graham v. Dressen, 292 Ill App 15, 10 NE2d 843 (1937). As was aptly stated in Coulson v. Discerns, 329 Ill App 28, 66 NE2d 728 (1946), at p 32:

> "A fact cannot be established by circumstantial evidence unless the circumstances are of a nature and so related to each other that it is the only conclusion

that can be drawn therefrom, and mere conjecture, guess or suspicion is insufficient."

In the case at bar, we find that plaintiffs have failed to present any evidence of Compton's exercise of due care. There was no evidence as to the speed of Compton's automobile, or whether he slowed down upon observation of decedent's automobile. In fact, there was a complete lack of evidence as to what action Compton took or what he observed. Under these circumstances, an inference of due care on Compton's part would be at most conjecture. As stated by the trial judge, it would be necessary to presume due care on the part of Compton since there was no evidence proving the exercise of due care.

Cases cited by plaintiffs in support of their proposition that they made a prima facie showing of due care, are distinguishable from the instant case. In Klatt v. Commonwealth Edison Co., 33 Ill2d 481, 211 NE2d 720 (1965), the court held that where plaintiff could not recall any circumstances of the accident, but there was evidence presented that she was riding in the right front seat of the automobile prior to the accident, it was for the jury to determine in a guest case whether plaintiff was free from contributory wilful and wanton misconduct. Illinois Transit Lines v. Packer City, etc., 9 Ill App2d 161, 132 NE2d 433 (1956), concerned direct testimony on the issue of whether plaintiff was guilty of contributory negligence as a matter of law. In Fahrforth v. Kwiatkowski, 79 Ill App2d 300, 224 NE2d 641 (1967), the court, in a case in which plaintiff was rendered an incompetent witness by the subsequent death of defendant, found an inference of due care on the part of plaintiff in an accident which occurred while defendant's car was following plaintiff's car. The evidence revealed that plaintiff was struck from behind after defendant had applied his brakes and his car skidded 130 feet before catching and striking plaintiff's car. While no evidence of the speed

of defendant's car was offered, the court held that such evidence would be of little importance, since not only did his car skid 130 feet, but impact with plaintiff's car did not even stop defendant's car which continued on for more than 50 feet crossing two lanes of traffic and tearing out 10 feet of guardrail before stopping. No such facts are present in the instant case, and we believe that no inference of due care was established.

We find no merit in plaintiff's argument that defendant has waived the issue of due care by not arguing it in his brief. Defendant specifically contended in his brief that the trial court properly allowed his motion for a directed jury verdict because of plaintiffs' failure to establish negligence on the part of defendant and to establish due care on the part of Compton.

Accordingly, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY, P. J., and SCHWARTZ, J., concur.