(No. 27261.—

Roscoe J. Todd, Admr., Appellant, *vs.* S. S. Kresge Company, Appellee.

*Opinion filed Nov. 16, 1943—Rehearing denied Jan. 12, 1944.*

CHARLES G. SEIDEL, for appellant.

ELLIS & HAMILTON, (PAUL M. HAMILTON, of counsel,) for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

This suit was started in the circuit court of Kane county by Nellie J. Todd to recover damages for personal injuries sustained when she was struck by a swinging door at the front entrance of defendant's general store in Elgin. Plaintiff died from natural causes before the case came to trial and the administrator of her estate was substituted as plaintiff. (*Todd* v. *Kresge Co.,* 303 Ill. App. 89.) Reference is made to that opinion for a detailed statement of the evidence.

After the mandate of the Appellate Court was filed plaintiff obtained leave to present an amended complaint which contained four counts. The first alleged defendant's operation of a general store, its maintenance at the front entrance of two double-action doors of heavy plate glass hung on heavy duty double-action spring hinges and that each door was equipped with door checks, that on October 16, 1937, as Nellie J. Todd was about to enter the store, one of said doors was open to the inside and as she was passing through the north entrance, the door closed suddenly, striking her with such force as to knock her down, causing injuries. The second count charged that the doors could swing inside to an angle of more than 100 degrees and that the door checks installed on the doors were designed for doors that could

not open to more than a 100-degree angle; that when a door was opened to more than a 100-degree angle the door checks in use by defendant would·cause the door "to stick or jam and hold said doors temporarily in an open position until released by force or vibration," and that, as Nellie J. Todd was entering, the door was standing open, and, without negligence on her part, it suddenly closed, striking her, etc. The third count charged defendant with negligence in that the door check on the north door, the one where Nellie J. Todd was entering, was loose, worn, out·of repair, and in need of operating fluid. The fourth contained general charges of negligence in the maintenance and operation of the doors and equipment attached thereto. On the second trial, defendant, at the close of plaintiff's evidence and at the close of all the evidence, moved for a directed verdict. Both motions were denied. After a verdict was returned in favor of plaintiff, defendant moved for a judgment notwithstanding the verdict. The motion was allowed. The Appellate Court affirmed the judgment and this court granted leave to appeal.

In the trial court defendant rested its case on the motion for a judgment notwithstanding the verdict and did not file a motion for a new trial as provided by Rule 22 of this court. Under such rule, a party who has moved for a judgment notwithstanding the verdict, which has been allowed, must file his motion for a new trial at the same time and obtain a ruling thereon, otherwise his failure to file will be treated as a waiver of the right to apply for a new trial. The purpose of the rule is to prescribe a procedure which would avoid the circuitous route that was followed prior to the adoption of the rule.

The scope of the inquiry of this review is restricted, as it was in the trial court and on the second appeal in the Appellate Court, to the questions that arise on a motion for a judgment notwithstanding the verdict. The

question available to a movant under such a motion has been announced in many cases, one of the more recent being *Merlo* v. *Public Service Co.* 381 Ill. 300, where it was said that these motions present only questions of law as to whether, when all of the evidence is considered, together with all reasonable inferences drawn therefrom, in its aspect most favorable to the plaintiff, there is evidence tending to prove any cause of action stated in the complaint. If there is, the motion should be denied, and the weight and credit to be attached to it in connection with the other facts and circumstances shown are questions for the jury.

Medora Todd, daughter of Nellie J. Todd, was with her mother on the evening in question. She testified that she preceded her mother into the store and was ten to twelve feet from her mother when the accident occurred; that she saw her on the threshold of the door, that as the door started to close it struck her mother on the forehead and she fell. She further stated that the door through which Nellie J. Todd was passing was standing open about 115 degrees when she entered.

Clifford Andrews was a building contractor and had experience in installing and repairing door checks. He testified that he examined the door in question on October 17, which was the day following the accident, and performed certain experiments with it by opening it to a full width and permitting it to return to a closed position. He testified that he pushed the door into various angles and to its maximum swinging angle; that the north door opened to more than a 120-degree angle; that when opened to its maximum width it would start to close, then stop and remain caught for varying periods of time; that at times it stayed stationary until released by hand operation and at other times it would release by vibration or action of traffic, and that when so released it returned to a closed position. He said: "It would go a

short way, chatter and move abruptly and it would chatter for a ways and close in a violent manner. In the door closing, the door would start to close one time in a very rapid manner, and then would suddenly halt, and then there would be a series of jerks, and then it would go on and close smoothly. The next time that you tried it, it would start off with a series of jerks, maybe during the center of its swing run smoothly and maybe at its close would jerk, or jerk in the beginning on a completed swing to its conclusion."

Lloyd Ziegler, who was engaged in selling hardware, factory and mill supplies, and repaired door checks, testified that he examined the doors in question about fourteen months after the accident, that they were equipped with Rickson-44 door checks, which are double acting; that this particular kind of a door check was not standard equipment for a door that opens to an angle in excess of 100 degrees. He stated that by demonstrations the north door opened to an angle of 135 degrees to 140 degrees.

There was evidence of other witnesses who testified that shortly before Nellie J. Todd started into the store, the north door was standing open. There is evidence that conflicts with that referred to but on the questions presented we are not concerned with conflicts in the evidence. The evidence shows that Nellie J. Todd's purpose in going into the store was to purchase merchandise from defendant. Her mission was lawful and was at the implied invitation of the defendant. The duty rested upon defendant to provide her a safe means of entrance. If it equipped the doors with door checks that were not designed for the maximum width to which the doors would open or were otherwise defective, and as a result of such neglect of duty Nellie J. Todd was injured while exercising due care for her own safety, then defendant would be liable for damages. The evidence related tends to establish a

cause of action as alleged in the complaint and there was error in allowing the motion for judgment notwithstandthe verdict.

Plaintiff contends that the doctrine of *res ipsa loquitur* should apply. In view of the conclusion reached on the sufficiency of the evidence to sustain the acts of negligence charged, it is not necessary to consider the application of that doctrine to the facts shown.

The judgments of the Appellate Court and of the circuit court are reversed. Since defendant has waived all rights to file a motion for a new trial, there will be no necessity to remand the cause. The order will be that judgment will be entered on the verdict in this court for the plaintiff for $5000.

*Judgments reversed, with judgment here.*