John A. Whalen, Appellee, v. Sidney Wanzer and Sons, Inc., Appellant.

Gen. No. 45,230.

Opinion filed May 9, 1951.

Released for publication July 5, 1951.

B. S. QUIGLEY, and JOHN J. RIORDAN, both of Chicago, for appellant.

JEROME NUDELMAN, of Chicago, for appellee; HOWARD C. GOLDMAN, of Chicago, of counsel.

MR. JUSTICE LEWE delivered the opinion of the court.

Plaintiff brought an action for damages to his automobile resulting from a collision between it and a horse-drawn vehicle owned by defendant. A jury found the issues in favor of defendant. On plaintiff's motion, a judgment notwithstanding the verdict was entered in his favor. Defendant appeals.

The principal question presented is whether there was any evidence tending to prove a prima facie defense which warranted submission of the question of liability to the jury.

Plaintiff's evidence shows that he drove his Cadillac automobile west on 67th street in the City of Chicago to the intersection of Stony Island avenue where he stopped for the red traffic signal light. While plaintiff's car was standing in the westbound streetcar tracks of 67th street at the intersection waiting for the traffic signal light to turn green, he observed at the southeast corner, a friend, one Hillebrand, whom he beckoned to ride with him. Hillebrand accepted plaintiff's invitation and walked north across 67th street, passing in front of plaintiff's automobile intending to enter it on the right side. At that time William Boettcher, who was driving one of defendant's milk wagons west on 67th street, also reached the intersection, stopping at a point where the front of his milk wagon was opposite

and to the right of the rear fender of plaintiff's automobile, and the head of the horse drawing the wagon was directly to the right of plaintiff. The doors of the automobile were so constructed as to open forward. When the traffic signal lights at the intersection turned green the milk wagon proceeded west. The hub of the front wheel of the milk wagon cleared the partially opened right door of plaintiff's automobile but the hub of the rear wheel struck the door, causing the damage complained of.

There is a sharp conflict in the testimony of plaintiff and Hillebrand as to whether he entered the automobile before or after the collision. According to plaintiff, Hillebrand had not started to enter the automobile at the time of the impact but was standing to the right of the automobile with the door partially open. Hillebrand testified that when plaintiff's automobile and the milk wagon were standing at the intersection the left-front wheel of the wagon and the right-front fender of plaintiff's automobile were very close together; "there was just room enough for me to get through between the horse and the side of the car"; "I had one foot in the car when the wagon started up"; "I saw the wagon strike the door"; "I can't say what part of the wagon struck the door"; "when I opened the door of the auto the wagon was standing still"; and that he opened the automobile door, which "swung for some distance." There was no proof showing the width of the door in question.

William Boettcher testified that he was driving west on 67th street at about a mile an hour; that his wagon was about four-feet wide and equipped with rubber-tired wheels; that the hub caps of the front and rear wheels extended out the same distance from the wagon and were the same size; that as he drove west on 67th street in the streetcar tracks he observed a blue Cadillac stopping in the westbound streetcar tracks of 67th

488

street midway between Stony Island avenue and Cornell avenue which is one block to the east; that a man ran across the street and as he neared plaintiff's automobile plaintiff opened the right-hand door; that after the passenger, Hillebrand, entered plaintiff's automobile the door remained open; that the front wheels of his milk wagon cleared the door but the hub of the rear wheel struck it; and that he did not stop at any time before the impact.

Boettcher further testified that when defendant's wagon struck the door, the light at the intersection of Stony Island avenue showed green; that plaintiff proceeded west "so fast I could not get the number"; that at the time of the impact the Cadillac was standing still in the middle of the block in the streetcar tracks about 100 or 150 feet east of the intersection; that plaintiff's Cadillac automobile was blue in color; and that after the occurrence the witness examined his milk wagon and found traces of blue paint on the hub of the left-rear wheel.

There was no proof of damage to any other part of plaintiff's automobile except the door, nor did plaintiff's automobile come in contact with any portion of defendant's wagon except the left-rear hub.

██ A motion for judgment notwithstanding the verdict raises the same questions of law and has the same effect as a motion for a directed verdict. Neither the trial court nor a court of review should weigh the evidence nor determine where the preponderance lies. If defendant's evidence makes out a prima facie defense plaintiff's motion for judgment notwithstanding the verdict should be denied. *Hughes v. Bandy,* 404 Ill. 74. To the same effect see *Hadden v. Fifer,* 339 Ill. App. 287.

██ In the present case in passing on plaintiff's motion for a judgment notwithstanding the verdict the evidence most favorable to defendant must be taken

as true. There was evidence that the right door of °plaintiff's automobile though partially open, left space sufficient for it to clear the left-front wheel of the milk wagon as it proceeded west. Since the evidence shows that the milk wagon moved in a straight line while the automobile stood still, and that the hub caps of the left-front and rear wheels were the same size and extended out the same distance from the wagon, the jury could reasonably infer that the door of the automobile was swung further forward immediately after it was cleared by the front wheel of the wagon, thus projecting the door into the path of the rear wheel. In our view the question whether the movement of the door was the result of negligence on the part of plaintiff or his passenger presented an issue of fact for the jury to determine.

■ The record shows that plaintiff did not make a motion for a new trial. He is, therefore, barred under Rule 22 of our Supreme Court from challenging in this court the jury's verdict on the ground that it is against the manifest weight of the evidence. See *Todd v. S. S. Kresge Co.,* 384 Ill. 524.

For the reasons given, the judgment notwithstanding the verdict is reversed, and judgment is entered here in favor of the defendant.

*Reversed, and judgment entered here in favor of defendant.*

BURKE, P. J. and KILEY, J. concur.