Mary W. Riva, Plaintiff-Respondent, v. James M.
Riva, Defendant-Petitioner.

Gen. No. 66–104.

Third District.

March 14, 1968.

Kevin D. Kelly, of LaSalle, for appellant.

McNeilly & Olivero, of Peru, for appellee.

ALLOY, P. J.

This cause is before us on a petition for leave to appeal by James M. Riva from an order of the Circuit Court of LaSalle County granting the post-trial motion of the plaintiff, Mary W. Riva, and ordering a new trial. The proceeding originated in the Circuit Court as a result of a complaint for divorce filed by Mary W. Riva on the ground of cruelty. After the defendant answered the complaint denying most of the allegations, the cause was tried by the court below sitting without a jury. The court found the issues in favor of the defendant and judgment was entered by the court thereon.

Thereafter plaintiff filed a post-trial motion praying that the trial court enter an order granting her a new trial on the ground that the decision of the court was contrary to the manifest weight of the evidence, etc. Such post-trial motion was allowed by the trial court and a new trial was ordered. Within a period of 30 days after the entry of such order granting a new trial, the defend-

ant filed a petition for rehearing of the order granting a new trial. The petition was ostensibly filed under the authority of section 68.3 of the Civil Practice Act (1965 Ill Rev Stats, c 110 § 68.3). Following a hearing the trial court denied the petition for rehearing on November 14, 1966. Thereafter, defendant filed a praecipe for record on the petition for leave to appeal from the order granting the new trial on December 9, 1966. Plaintiff-respondent in this court contends that the appeal should not be considered in this court because the petition was filed more than 30 days after the order of the trial court granting plaintiff a new trial. Respondent contends that the defendant failed to comply with Supreme Court Rule 30 and Appellate Court Rule 22 and with section 76 of the Civil Practice Act by not appealing within 30 days of the granting of the new trial. Order granting new trial was entered on October 10, 1966. Respondent also contends that the petition for rehearing filed by the defendant within the 30-day period from the date of the order granting the new trial was worthless because the Civil Practice Act does not specifically provide for any such remedy at the trial level.

██ It is noted that section 68.3 of the Civil Practice Act provides specifically that any party may within 30 days after entry of a decree or judgment in cases tried without a jury file a motion for a rehearing or a retrial or modification of the decree . . . or for other relief. It is specifically stated that neither the filing nor the failure to file a motion under this section would limit the scope of the review. It is also expressly provided that a motion filed in apt time stays execution and that the time for appeal from the decree or judgment does not begin to run until the court rules upon the motion. It is notable that the comments of the joint committee at the time of the passage of the new Civil Practice Act in 1955 (SHA c 110, § 68.3, p 758) in re-

ferring to the second paragraph of section 68.3 had pointed out that inasmuch as there was no post-trial motion under former law in a nonjury case, the filing of the post-trial motion had not tolled the running of the time for appeal. Since this rule was "a trap for the unwary" the second paragraph abolishes it and it provides that time for appeal and stay of execution would be the same in jury as in nonjury cases where a post-trial motion is filed. It is also notable that the petition for rehearing was actually set for hearing and considered by the court. Time for appeal did not begin to run until 30 days after the court had determined the petition for rehearing with respect to the new trial order. Consequently, it is appropriate to consider the appeal in this court.

As to the propriety of granting the new trial, we have frequently said that the granting of a new trial is within discretion of the trial court and the determination by the trial judge should not be disturbed unless there is a clear abuse of such discretion (Ledferd v. Reardon, 303 Ill App 300, 25 NE2d 116; Hulke v. International Mfg. Co., 14 Ill App2d 5, 46, 142 NE2d 717). We have also observed that the courts of this State have given greater latitude to the trial court in granting of a new trial than in denying a new trial (River v. Atlantic & Pacific Tea Co., 31 Ill App2d 232, 240, 175 NE2d 593; Roberts v. Hyland Builders Corp., 34 Ill App2d 276, 280, 181 NE2d 197). In a case such as the one before us where the weight of evidence is involved, the court on appeal will normally not disturb the order granting the new trial unless there is affirmative showing of a clear abuse of discretion (Masters v. Central Illinois Electric & Gas Co., 7 Ill App2d 348, 363, 129 NE2d 586).

In the cause before us, plaintiff testified that defendant had slapped her along the side of her face and

that her ear ached for three weeks and that on another occasion, defendant struck her on the left side of her face and eye, leaving a bruise. There was corroborative evidence that marks and bumps on plaintiff's face were seen on both occasions. In the case of Tuyls v. Tuyls, 21 Ill2d 192, 171 NE2d 779, the Illinois Supreme Court had specified that to establish cruelty within the meaning of the Divorce Act of this State it was necessary to prove by a preponderance of the evidence that the guilty party had at least on two separate occasions committed acts of physical violence against his spouse resulting in pain and bodily harm. (See also Curran v. Curran, 19 Ill2d 164, 168, 166 NE2d 13.) While defendant denied striking plaintiff, it is obvious that the trial court was in the best position to determine whose testimony to believe and in our judgment there could be no abuse of discretion in the granting of a new trial on the basis of such evidence in the record (Curran v. Curran, supra; Berlingieri v. Berlingieri, 372 Ill 60, 22 NE2d 675).

██ Nothing in this opinion should be construed as a determination by this Court that the evidence in this case requires the granting or denial of a divorce. We have simply determined that there was no abuse of discretion in the granting of a new trial. It was also contended that the manifest weight of the evidence showed condonation of the acts of cruelty committed by defendant. The record, however, does not bear out such contention since the testimony of the defendant himself indicated that, although the parties lived in the same dwelling, they slept in separate rooms and did not have any relations as husband and wife after the time of the acts of cruelty referred to.

We must, therefore, conclude that there was no abuse of discretion on part of the trial court in granting the new trial. The order of the Circuit Court in granting a new trial will, therefore, be affirmed, and this cause will be

remanded to the Circuit Court of LaSalle County for further proceedings.

Affirmed and remanded.

STOUDER and SCHEINEMAN, JJ., concur.