**Guy Elmer Love, Plaintiff-Appellee, v. Stolze Lumber Company, Incorporated, Defendant-Appellant.**

Gen. No. 68–92.

Fifth District.

August 7, 1969.

R. W. Griffith, of Alton (James R. Heil, of counsel), for appellant.

William W. Schooley, of Granite City, for appellee.

DOUGLASS, J.

This is an appeal by defendant-appellant, Stolze Lumber Company, Incorporated, hereinafter called defendant, from a judgment rendered in favor of plaintiff-appellee, Guy Elmer Love, hereinafter called plaintiff.

Plaintiff filed suit in the Circuit Court of Madison County against the defendant, Stolze Lumber Company, Incorporated, engaged in the retail lumber business.

The statement of facts in this cause is that on the 6th day of March, 1965, the plaintiff, Guy Elmer Love, went to the Stolze Lumber Company of Granite City, Illinois. The plaintiff had traded at this store and had been previously employed at the store for four years.

Plaintiff was 59 years of age, was six feet tall and weighed 250 pounds. He had a physical impediment consisting of an amputated big toe. In an accident occurring in 1962, plaintiff had received an injury to his right knee and had received treatment for the knee and had been bothered by the injury until within six months of the injury complained of in this cause.

Plaintiff arrived at the defendant's store between 11:30 a. m. and 12:00 Noon. On the previous day it had snowed, but the snow had melted. It was "wet and sloshy" outside.

After parking his motor vehicle the plaintiff walked through the parking area into the store. As plaintiff entered the store he saw a burlap bag lying on the terrazzo floor in front of the two doors. The burlap bag had been placed there the evening before by defendant's janitor. It appeared to be wet and dirty. The plaintiff stepped on the bag and began wiping his feet. After wiping his feet, plaintiff stepped off the burlap bag with his left foot and as he stepped off with his right foot, it apparently became entangled in the burlap and he fell to the terazzo floor. The plaintiff fell on his right knee and left hand. The plaintiff told an employee of the store that he did not think he needed a doctor, whereupon he completed his purchases and left the store.

Later in the day the plaintiff's knee began to swell and he went to St. Elizabeth's Hospital in Granite City. He was examined by Doctor Dix; a Doctor Cole treated the patient. X rays disclosed a linear fracture of the kneecap and a knee cast was applied on the right knee. The cast remained on until April 7, 1965. The plaintiff was later examined, and X rays made after the removal of the cast revealed a complete healing of the fracture.

Plaintiff returned to work in July of 1965. At the time of the accident his hourly wages were $3.95 per hour.

A jury found in favor of the plaintiff and assessed damages at $21,000. The cause herein is appealed to this court by the defendant.

■ The trial court properly gave plaintiff's Instruction Number 2 and refused to give defendant's Instruction Number 2, which are as follows:

"Plaintiff's Instruction Number Two (2):

"The defendant owed the plaintiff the duty to exercise ordinary care to keep its property reasonably safe for use by the plaintiff.

"Defendant's Instruction Number Two (2):

"It was the duty of the defendant, before and at the time of the occurrence to use ordinary care for the safety of the plaintiff."

In causes where the complaint charges the existence of a "dangerous condition" the courts have expressed the defendant's duty in terms of using reasonable care to see that the premises are reasonably safe. Miller v. S. S. Kresge Co., 306 Ill 104, 137 NE 385; Schmelzel v. Kroger Grocery & Baking Co., 342 Ill App 501, 96 NE2d 885.

■ The trial court properly held that the plaintiff's evidence presented a jury question on the issue of defendant's negligence.

The court must consider all the facts and circumstances in a particular situation in determining whether the case should be submitted to the jury. River v. Atlantic & Pacific Tea Co., 31 Ill App2d 232, 175 NE2d 593.

■ The court properly submitted the question of the plaintiff's contributory negligence to the jury. There was no evidence presented in the record that the plaintiff did anything other than what the defendant intended the plaintiff to do up to the time he fell.

■■ It is the opinion of this court that the verdict was not excessive.

"The courts have repeatedly held that the amount of damages to be assessed is peculiarly a question of fact for the jury, and if the jury is properly instructed on the measure of damages, an appellate court should not substitute its judgment as to the sum to be awarded in a given case for that of the jury." Williams v. Brown Mfg. Co., 93 Ill App2d 334, 373, 236 NE2d 125.

The trial court hearing this cause properly submitted the questions of defendant's negligence, of plaintiff's contributory negligence, and of plaintiff's damages to the jury for their consideration and determination.

Judgment for the plaintiff is affirmed.

Judgment affirmed.

GOLDENHERSH and EBERSPACHER, JJ., concur.