Bessie I. Joslin, Otherwise Known as Inez Joslin, Appellant, v. Herman W. Ashelford, Individually and as Trustee Under the Last Will and Testament of William H. Ashelford, Deceased, Lois Joslin Wolff, William Wolff, Sandra Kay Wolff and Bonnie Wolff, Beverly Joslin Voight, and Any Unborn Children of Lois Joslin Wolff and Beverly Joslin Voight, Appellees.

Gen. No. 11,430.

Second District, Second Division.

February 23, 1961.

Rehearing denied March 29, 1961.

George Spitz, of DeKalb, for appellant.

Wayne R. Bettner, of Oregon, and V. Rodney Hallberg, of Polo, for appellees.

CROW, P. J.

William H. Ashelford, of Ogle County, died leaving a Will which reads, so far as now material, as follows:

> "2. I will, devise and bequeath unto my beloved wife, Nancy S. Ashelford, the net income from all my property during her lifetime for her to use the same.
>
> . . .
>
> 5. All the rest, residue and remainder of my said estate after the death of my said wife, Nancy S. Ashelford, I will, devise and bequeath to my said children, Walter J. Ashelford, Herman W. Ashelford, Alice P. Drake, Daisy M. Len, Gladys M. Ashelford, Bessie I. Joslin, in trust, Jessie D. Gillis, Berniece B. Ashelford and Florence G. Faulkner, each to share and share alike in said residue and that in the event of the death of any of the

above children and they having no children of their own body surviving them, then their share is to be equally divided between their surviving brothers and sisters, including my adopted daughter, Shirley J. Ashelford. The share of Bessie I. Joslin which is hereby devised in trust, shall be taken by Herman W. Ashelford, as Trustee, and the said Herman W. Ashelford is to take said division of my estate, invest the same in securities to be approved by the Court, and to pay over unto the said Bessie I. Joslin, personally, such net income as derived from said funds. At the death of the said Bessie I. Joslin, the corpus of this trust shall be divided equally among the daughters of Bessie I. Joslin, namely, Lois Joslin and Beverly Joslin, share and share alike, and in the event of their or either of their deaths then to their children if any they have, and if not, then to the survivor. The said Herman W. Ashelford as hereby directed in this paragraph as Trustee of a part of my estate devised in trust and likewise in the foregoing paragraph, shall not be required to give any surety or sureties upon his official bond in so acting.

6. I hereby direct my Executor or Executors hereinafter mentioned to take charge of my entire estate immediately upon my death and if my wife should survive I direct that they manage said estate, collecting the income therefrom and after payment of all necessary expenses involved, to pay over the net income to my beloved wife, Nancy S. Ashelford, and that said payments shall be made quarterly, if possible, and a current accounting made each year.

7. After the death of my wife Nancy S. Ashelford, if she should survive me, or after my death if I should survive her and within a period of

205

three (3) years, I hereby direct that my Executor or Executors hereinafter mentioned, shall sell all of my personal property and all of my real estate with the exception of that real estate which I have heretofore specifically devised. The said Executor or Executors shall have the full right and power and their signature or signatures as such Executor or Executors shall be sufficient to convey any and all of my property and he or they shall sell said property, both real and personal as above directed, as they deem advisable and at such valuation as they may consider as fair and he or they shall be the sole judge as to what consideration is reasonable.

8. Lastly, I hereby nominate and appoint my sons, Walter J. Ashelford and Herman W. Ashelford Executors of this my last will and testament, to act jointly or in case one or the other fails or refuses to act then the other to act as the sole Executor and I hereby direct that if either or both of my sons, Walter J. Ashelford and Herman W. Ashelford, qualify as Executors or Executor, that they or either of them be exempt from giving any surety or sureties on their official bond as Executor or Executors hereof.
. . . ”

The plaintiff Bessie I. Joslin, one of the parties referred to in paragraph 5 of the will of William H. Ashelford, deceased, and being one of his children, filed her second amended complaint to construe the will, against the defendants Herman W. Ashelford, individually and as trustee thereunder, Lois Joslin Wolff (a daughter of Bessie I. Joslin), William Wolff, Sandra Kay Wolff, and Bonnie Wolff (minor children of Lois Joslin Wolff), Beverly Joslin Voight (the other

daughter of Bessie I. Joslin), and any unborn children of Lois Joslin Wolff and Beverly Joslin Voight.

The second amended complaint alleges, briefly, that the will of William H. Ashelford, deceased, was admitted to probate, and the executors Walter J. Ashelford and Herman W. Ashelford duly qualified; the decedent died leaving surviving his widow, Nancy S. Ashelford, and his children, Walter J., Herman W., Shirley J., and Gladys M. Ashelford, and Alice P. Drake, Daisy M. Len, Jessie D. Gillis, Berniece A. McMonigle, Florence D. Faulkner, and Bessie I. Joslin; Nancy S. Ashelford, the widow of the decedent, died October 26, 1954, and all the children of William H. Ashelford, deceased, survived Nancy S.; the defendant Lois Joslin is now Lois Joslin Wolff, and she has the living minor children William, Sandra, and Bonnie, also defendants, and the defendant Beverly Joslin is now Beverly Joslin Voight, and she has no children; paragraph 5 of the decedent's will reads as above indicated; the language of the will is so obscure and indeterminate that it does not establish a trust for the plaintiff and should be so construed that no trust is established; the estate of the decedent was probated, final report approved, and distribution made to all the beneficiaries indicated, and the share of the plaintiff was distributed by the executors to Herman W. Ashelford as trustee as provided in paragraph 5; the defendant Herman W. Ashelford is holding as though a trust were established the share of the plaintiff and refuses to deliver it to the plaintiff; paragraph 5 establishes the plaintiff shall receive an equal share in the remainder of the real estate of the decedent and the will should be so construed; the testator mistakenly assumed the plaintiff required protection, attempted to incorporate a trust for such purpose, and intended to change the will in that re-

spect, but made no such change; by virtue of the testator's mistake and the indefinite language of paragraph 5 no trust was established for the plaintiff; the will created a testamentary trust of all the decedent's property in Walter J. and Herman W. Ashelford, as trustees, for Nancy S., the widow, and all the decedent's children named in paragraph 5, as beneficiaries; it was the duty of the trustees within 3 years after Nancy's decease to liquidate the corpus and distribute the proceeds among the beneficiaries; and the distributive share of the plaintiff did not and could not become a share in trust but became the absolute vested property of the plaintiff. The plaintiff prays for a construction of the will to mean all the decedent's children referred to in paragraph 5, including the plaintiff, take equally the residue after Nancy's decease; that paragraph 5 does not create a trust of the plaintiff's interest, or Herman W. as a trustee therefor; that the plaintiff takes an equal undivided ⅓th interest; and that Herman W. be directed to deliver to the plaintiff all properties held by him under the supposed trust in paragraph 5.

All of the defendants except Beverly Joslin Voight filed motions to dismiss, which were sustained, and, the plaintiff electing to stand on the second amended complaint, a final order dismissing it and that the plaintiff take nothing was entered. The plaintiff appeals therefrom.

The plaintiff's theory is that the second amended complaint states a cause of action; the decedent's will created two testamentary trusts; trust No. 1, created by implication of law, took effect on the testator's decease, Walter and Herman Ashelford were trustees, they being also the executors, the corpus was all the rest, residue, and remainder of the estate, Nancy, the widow, was the beneficiary, the trustees were to manage it, collect income, pay expenses, and pay the net

income to Nancy, and it was to terminate and the corpus be liquidated within 3 years after Nancy's decease; trust No. 2, created by express statement in the will, was to be created after the death of Nancy, Herman Ashelford was the trustee, the corpus was a portion of the assets of trust No. 1, after the termination and liquidation of trust No. 1, the trustee of trust No. 2 was to invest its corpus and pay the net income to the plaintiff Bessie I. Joslin, beneficiary, and its duration was for Bessie's life; the trustee of trust No. 2 received no property, no res, no interest, no title until several years after the termination of trust No. 1; trust No. 2 is invalid because no property was delivered to the second trustee and no interest or estate passed to the second trustee at the time the trust was created; and the plaintiff's distributive share under the will passes to her rather than the trustee of trust No. 2.

■ The motions to dismiss, of course, admit alleged facts well pleaded, but do not admit alleged conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest: Triangle Sign Co. v. Randolph & State Property Inc. (1957) 16 Ill. App.2d 21, 147 N.E.2d 451.

■ It is a cardinal rule of construction of wills that the intention of the testator shall be ascertained from all that is contained within the four corners of the will, from a consideration of the entire will, and when ascertained shall be given effect unless it contravenes some well established principle of law: Bennett v. Bennett (1905) 217 Ill. 434, 75 N. E. 339. The object of construction of a will is to ascertain the intention of the testator as expressed in the words of the will, and the presumption of law is that a testator intends to dispose of all his property: Hoffner v. Custer (1908) 237 Ill. 64, 86 N. E. 739. The law favors

the vesting of estates rather than that they be held to be contingent; and when a will is susceptible of either of two constructions without doing violence to the intention of the testator as disclosed by the instrument, one of which constructions would render the instrument void and the other of which constructions would render it valid, that construction should be and will be adopted which will enforce the will as a valid instrument, and not that which would defeat its operation: Heisen v. Ellis (1910) 247 Ill. 418, 93 N. E. 362; Mettler v. Warner (1910) 243 Ill. 600, 90 N. E. 1099. A construction should be adopted, if it consistently may be, as will uphold the will, and not cause it to be rendered of no effect: Fussey v. White (1885) 113 Ill. 637.

██ To constitute a valid trust of personal property there must be, among other things, a certain and ascertained object, a definite fund or subject matter, and its delivery or assignment to the trustee: Gurnett v. Mutual Life Ins. Co. of New York (1934) 356 Ill. 612, 191 N. E. 250.

It was the intention of the testator here that his widow, Nancy S. Ashelford, should have the net income from all his property during her lifetime; that after her decease all the residue of his property (disregarding certain specific devises or bequests not here concerned) should go to his children named in paragraph 5, the share or division of the estate of one of the children, Bessie I. Joslin, the plaintiff, to be taken by Herman W. Ashelford, as trustee, he to invest such, Bessie, personally, to receive the net income, and at her death the corpus thereof to go to her daughters Lois and Beverly, all subject to the other provisions of paragraph 5; that the executors take charge of his estate, manage such, collect the income, pay expenses, and pay the net income from all his property to the widow, Nancy; and after the death of the widow, Nancy S., and within 3 years, the executors were di-

rected and empowered to sell all his property (except that otherwise specifically devised, not here concerned).

■ In Leary v. Kerber (1912) 255 Ill. 433, 99 N. E. 662, it was held, in effect, that an undivided share of one of the decedent's children in the residue of the decedent's estate, after the death of the decedent's widow, who evidently had a life interest therein, may properly be devised and bequeathed to a trustee for that child, the trustee to hold the same, collect income, pay the income to the child for life, and at her decease pay the share to her children, that the testator plainly intended to establish a spendthrift trust, active duties were prescribed for the trustee, and it was a valid active trust. In principle, therefore, an undivided interest of one of a testator's several children in a residue or remainder following a life interest therein of the testator's widow may be a proper subject matter or corpus of a valid trust.

■ Real estate directed to be sold by the executors and turned into money is, in equity, to be considered as that species of property—namely, personal property—into which it is directed to be converted —it is to be considered as so converted from the time of the testator's decease—a testator may thus impress upon real estate the character of personalty and whoever takes the property under the will takes it in the character thus impressed upon it—in equity a devise of that nature is of a fund distributable by the executor to the devisee and, as such, is in the executor's hands by virtue of his office and for which he must account as executor: In re Estate of Joel Corrington (1888) 124 Ill. 363, 16 N. E. 252. In Lash v. Lash (1904) 209 Ill. 595, 70 N. E. 1049, the will devised certain real estate to the testator's wife for her life, "and at her death the above described lands shall be sold and the proceeds thereof shall be divided as follows between my heirs, to-wit: . . . My executor

. . . is to have one year after my decease to sell the lands . . . ," and the Court held it was very clear that it was the intention of the testator that the land should not descend, as land, to his heirs; the testator's wife had the use thereof during her life; after her decease the lands had to be sold and the proceeds paid and applied by the executor as specified in the will; the express direction that the lands be sold after the death of the wife and the proceeds divided as provided effected an equitable conversion of the land into money, and the bequests of the proceeds of sale are to be regarded as bequests of personal property, not devises of interests in land; the equitable conversion is considered as having been effected at the time of the testator's decease; and that the sale of the lands was to be postponed until after the death of the life tenant had no effect to prevent a conversion.

We believe, therefore, that Nancy S. Ashelford, the testator's widow, had a vested life estate in all of the property concerned; the testator's named children referred to in paragraph 5, including the plaintiff Bessie I. Joslin, had the vested remainder in fee in the residue of his property, following, after, and subject to the life estate, in equal, undivided shares, interests, or divisions, and subject to the other provisions of paragraph 5, and except that Bessie I. Joslin's equal, undivided share, interest, or division was in trust with Herman W. Ashelford, trustee, under a valid, active trust, and subject to the further provisions of that trust; and the interests of the children referred to in paragraph 5 were further subject to the direction to sell and power of sale of the executors within 3 years after the decease of the life tenant. The undivided interest or share or division of Bessie I. Joslin, one of the testator's several children, in the residue following the life interest therein of the testa-

212

tor's widow, Nancy S., is a proper subject matter or corpus of a valid trust. And, all of the residue being directed and empowered to be sold by the executors after the decease of the life tenant widow, the residue is, in equity, considered, in legal contemplation, as that species of property, namely, personal, into which it is to be converted, is considered as so equitably converted at and from the time of the testator's decease, that the sale by the executors is postponed until after the life tenant's decease does not prevent an equitable conversion, and the children who take the residue after the widow's decease take it in that character thus impressed upon it, and the devise and bequest of the residue is, under those circumstances, of a fund distributable by the executors to them and, as such, is, temporarily, in the executors' hands by virtue of their office as executor and for which they must so account. The undivided interest or share of Bessie I. Joslin in the residue, which is in trust, is, in legal contemplation, an undivided interest or share in such fund distributable by the executors,—that is the res or corpus, of her trust—it came into being, equitably, at the testator's death and by virtue of his will—and the trustee Herman W. Ashelford then and thereafter, in legal contemplation, held it for her under paragraph 5 even though it (as well as the other children's undivided interests or shares in the residue) was subject to the life interest of the widow and the temporary custody, directions, and powers of the executors. There was a certain and ascertained object, a definite fund or subject matter, and, in legal effect, a delivery or assignment (by the testator, by his will) to the trustee. This is in conformity to the principle that the law favors the vesting of estates and to the presumption that a testator intends to dispose of all his property. The intention of the testator does not appear to contravene

213

some well established principle of law and, hence, it should be given effect.

■ ■ There is nothing unusual in a testator's giving to his executors, as here, a direction to sell or power of sale over his property, and such does not create a trust, or make the executors trustees, or transfer title to them as trustees. Such a direction or power is, when conferred, a prefectly normal part of the executors' powers, authorities, and duties as executor, recognized in Ch. 3, Ill. Rev. Stats., 1959, pars. 361, 400. The testator here did not refer to Walter J. Ashelford and Herman W. Ashelford, his executors, as trustees—he nominated them only as executors. He did not expressly create any trust for anyone except the one trust in paragraph 5 for Bessie I. Joslin. It is true that even though a person be named only as executor and not trustee he may, under some circumstances, nevertheless, become a trustee by virtue of the fact that certain powers and duties are conferred upon him which do not pertain to the powers and duties of an executor but belong to those of a trustee and can only be performed by him in his capacity of trustee: Mullanny v. Nangle (1904) 212 Ill. 247, 72 N. E. 385; Mercy Hospital v. Wright (1919) 213 Ill. App. 634. But the direction to sell and power of sale here given the executors in paragraph 7 are not of that character—they do pertain to the powers and duties of an executor. Whether some of the provisions of paragraph 6 as to the executors taking charge of the estate, managing it, collecting the income, paying necessary expenses, and paying over the net income to the testator's widow Nancy S., do or do not pertain to the normal powers and duties of an executor (and some obviously do) or could or could not be performed by the executors only in the capacity of trustees need not be determined here since the second amended complaint alleges the widow Nancy

214

S. died several years ago, the estate of the testator here concerned was probated, the executors' final report approved, distribution made to all the beneficiaries, the share of the plaintiff was distributed by the executors to Herman W. Ashelford, as trustee, (and, presumptively, the executors had sold all the residue property pursuant to the direction and power in the will)—those questions are now theoretical, abstract, speculative, and moot. Moreover, a construction should be adopted, if it consistently may be, and it may be here, as will uphold the will and not cause it possibly to be rendered of no effect in a material respect. When the will is susceptible, as it is here, of a construction rendering it valid, without doing violence to the intention of the testator, that construction should and will be adopted which will enforce the will as a valid instrument. Considering the entire will, it does not appear to have been the testator's intention by a few of the words of paragraph 6 to create, inadvertently, another trust of some kind by implication and possibly to cloud in uncertainty the specific, express, clear trust for Bessie I. Joslin which he was at particular pains to create in paragraph 5 immediately preceding.

We believe the order dismissing the amended complaint is correct and it will, therefore, be affirmed.

Affirmed.

WRIGHT, J. concurs.

SPIVEY, J. concurs.