(No. 36619.—

CHARLES STANLEY *et al.*, Appellees, *vs.* THE BANK OF MARION, Appellant.

*Opinion filed November 30, 1961.*

AUGUST L. FOWLER and DAVID A. WARFORD, both of Marion, for appellant.

LEWIS AND LEWIS, of Benton, and FRANK E. TROBAUGH and STEPHEN E. BRONDOS, both of West Frankfort, (LOREN E. LEWIS, of counsel,) for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is an appeal prosecuted by appellant, The Bank of Marion, to review an order of the county court of Williamson County setting aside a tax deed for an improved lot in the city of Marion and declaring the property redeemed by the appellees, Charles Stanley and Genevieve Stanley.

The subject real estate was sold for delinquent taxes to one L. Hinrichs on October 2, 1956, and the certificate of purchase issued was subsequently assigned by Hinrichs to Roy Strasma on June 2, 1958. Strasma, in turn, assigned the certificate to appellant on June 23, 1958, both assignments being noted upon the instrument itself. The time for redemption was thereafter extended until March 15, 1959, and on October 24, 1958, appellant filed its petition for issuance of a tax deed alleging, among other things, the purchase of the property by Hinrichs, the assignments of the certificate of purchase, the date upon which the time of redemption would expire, and the payment of taxes subse-

quent to sale by Genevieve Stanley, in whose name the lot was last assessed and taxed.

On October 28, 1958, a notice was sent by registered mail to each of the appellees advising them of the sale of their property, the ownership by appellant of the certificate of purchase, the time when the period of redemption would expire, the filing of the petition for issuance of deed, and of appellant's intent to apply to the county court of Williamson County for a tax deed on March 25, 1959, at 10 o'clock A.M. unless redemption had theretofore occurred. A copy of the same notice was personally served upon Genevieve Stanley and Charles Stanley on November 10, 1958, and December 9, 1958, respectively.

At the appointed time on March 25, 1959, no one having appeared in opposition thereto, the county court entered an order for the issuance of a tax deed to appellant wherein it was expressly determined that the court had jurisdiction of both the parties and the subject matter, that the property was lawfully sold for the 1955 taxes, that The Bank of Marion was, by assignment, the lawful owner and holder of the certificate of purchase, that Charles Stanley and Genevieve Stanley were the only persons interested in or in possession of the premises, that notices meeting all the requirments of sections 263 and 266 of the Revenue Act were personally served upon appellees within the time specified by law, that all taxes accruing upon the property subsequent to sale had been fully paid, that the time for redemption had expired on March 15, 1959, and that appellant had duly complied with all statutory requirements and was entitled to a tax deed to the property.

A tax deed was issued to appellant and recorded on April 24, 1959, and some four months later a demand for possession of the premises was served upon appellees. A motion to set aside the order for issuance of deed was filed by appellees in the county court on January 15, 1960, which, as amended, alleged their ownership of the property, their

payment of all taxes thereon for years subsequent to the tax sale, their payment to said L. Hinrichs of the redemption money without delivery of the certificate of purchase and before assignment to appellant, the knowledge of these facts by appellant prior to issuance of deed, and the constructive fraud of appellant in failing to do equity by returning the amount paid by appellee as taxes subsequent to sale. Appellees asked that the order for deed be set aside and that they be allowed to plead, or in the alternative, that The Bank of Marion be directed to reconvey the premises to appellees as provided by section 255a of the Revenue Act. (Ill. Rev. Stat. 1959, chap. 120, par. 736a.) Appellant moved to strike on the grounds that, more than thirty days having expired, the court had no power to set aside its order for deed and that such relief was not warranted under either section 72 of the Civil Practice Act (Ill. Rev. Stat. 1959, chap. 110, par. 72) or section 255a of the Revenue Act. A petition for writ of assistance was filed by appellant on April 7, 1960, but, after a hearing on March 28, 1961, the court set aside the order for tax deed, denied the petition for writ of assistance, and declared the property redeemed by appellees. Direct appeal has been prosecuted to this court.

Section 266 of the Revenue Act (Ill. Rev. Stat. 1959, chap. 120, par. 747) provides that tax deeds issued pursuant thereto shall be incontestable except by appeal from the order of the county court directing the county clerk to issue the same. By this enactment, the legislature intended that such titles should be subject only to direct attack unless the circumstances are such as to warrant the application of section 72 of the Civil Practice Act, or unless the order for deed was utterly void. (*Shapiro* v. *Hruby,* 21 Ill.2d 353.) Section 72 may not be used to again put in issue a factual question previously adjudicated but is available only to correct errors appearing upon the face of the record or to bring before the court facts not appearing in the record nor previously determined which, if known to the court at the time

the judgment or decree was entered, would have prevented its rendition. *Southmoor Bank and Trust Co.* v. *Willis,* 15 Ill.2d 388; *People* v. *Sheppard,* 405 Ill. 79.

The present action to set aside the tax deed, having been instituted almost ten months after the order therefor was entered, constitutes a collateral attack, (*Barnard* v. *Michael,* 392 Ill. 130,) and involves the issue of statutory compliance which was previously adjudicated. Nevertheless, appellees contend that proper notice was not given in the prior proceeding and that error appears upon the face of the record so as to render the order for deed void and to authorize an attack under section 72 of the Civil Practice Act. The contention below that there had been an attempted redemption through Hinrichs is not pursued here.

In support of their first contention, appellees insist that the notice preparatory to tax deed was defective in that it did not admonish them to appear in court and defend themselves. Sections 263 and 266 of the Revenue Act (Ill. Rev. Stat. 1959, chap. 120, par. 744, and 747) particularly set forth the information to be included in the statutory notice and have been held to meet constitutional requirements. (*Taylor* v. *Wright,* 121 Ill. 455; *Shapiro* v. *Hruby,* 21 Ill.2d 353.) They do not in any respect require a statement encouraging the interested party to appear in court at the hearing upon the petition for deed. The notice given here, among other things, informed appellees of the date upon which right of redemption would expire, the time of hearing upon the petition for deed, and of the appellant's intent to acquire a tax deed if redemption did not occur. This was sufficient to advise appellees of the impending consequences and was in accordance with the statutory requirements.

Appellees also insist that error appears upon the face of the record because the petition for deed admits that Genevieve Stanley paid the taxes on the property for the years subsequent to sale and because the assignment of the certificate of purchase was not alleged in the petition for deed

as specified by section 22(1) of the Civil Practice Act (Ill. Rev. Stat. 1959, chap. 110, par. 22(1).) They argue that taxes subsequent to sale must be paid by the certificate holder and that appellant should have alleged under oath how and when title was acquired. Section 266 of the Revenue Act provides: "If the time of redemption expires and the real estate has not been redeemed from the sale and all taxes and special assessments which became due and payable subsequent to the sale have been paid * * * the court shall so find and shall enter an order directing the county clerk on the production of the certificate of purchase and a certified copy of said order, to issue to the purchaser or his assignee a tax deed." It is not mandatory that the certificate holder pay such taxes; rather, it is necessary only that they be paid prior to the issuance of deed. Were it not so, a property owner could forever prevent the issuance of a tax deed by the payment of a tax installment subsequent to sale. This would not only predicate an issuance of deed upon winning the race to the tax office, but would largely discourage the acceptance of tax titles by the public. Although a similar claim was made in *Southmoor Bank and Trust Co. v. Willis,* 15 Ill.2d 388, it was not deemed sufficient to warrant a collateral attack.

Neither did error result from the failure to allege the assignment under oath in the form specified by section 22(1) of the Civil Practice Act. Section 1 of the same act (Ill. Rev. Stat. 1959, chap. 110, par. 1) states that its provisions shall not apply to actions in which the procedure is regulated by separate statute. Section 248 of the Revenue Act (Ill. Rev. Stat. 1959, chap. 120( par. 729) provides for the assignment of certificates of purchase by endorsement, and section 266 of the Revenue Act not only authorizes the filing of a petition for deed by either the purchaser or his assignee, but also sets forth the specific procedure for issuance of a tax deed. Therefore, the pleading requirement of the Civil Practice Act relied upon is not applicable to the

instant proceeding. *People ex rel. McClusky* v. *Alton and Eastern Railroad Co.* 359 Ill. 440.

It is, of course, unfortunate that appellees have suffered the loss of their property because of one year's delinquent taxes. It is clear, however, that they were fully informed of the sale and were afforded every opportunity to redeem or defend. Having failed to do so, they are in no position to collaterally attack the original tax proceedings. (*Brockmeyer* v. *Duncan,* 18 Ill.2d 502.) Although section 255a of the Revenue Act now authorizes the redemption of a homesite even after the issuance of deed, this statutory provision pertains only to sales occurring after July 14, 1959, and has no application to the present case. After carefully examining the record, we find no error upon its face so as to render the order for deed void or to authorize a review under section 72 of the Civil Practice Act. We therefore conclude that the lower court erred in setting aside the tax deed and the order therefor, in denying a writ of assistance, and in declaring the property redeemed by appellees. Accordingly the order of the county court of Williamson County is reversed and the cause is remanded to that court with directions to enter an order for writ of assistance as requested by appellant.

*Reversed and remanded, with directions.*