**Angeline Pipitone, Plaintiff-Appellee, v. Dominic Mandala, Defendant-Appellant.**

Gen. No. 11,535.

Second District, First Division.
January 16, 1962.

Sam J. Cannariato, of Rockford, for appellant.

Maynard & Maynard, of Rockford, for appellee.

SMITH, J.

Plaintiff's action was for a declaratory judgment construing a lease, and for an injunction should the court adopt her interpretation. The court did so, the

injunction was granted, and defendant appeals. We are not asked to decide whether the court below correctly construed the lease, instead, whether the court should have construed it at all. Reversal is urged on grounds extraneous to the lease; (a) that an estoppel by verdict barred plaintiff from the relief sought and obtained, and (b) that in any event she waived her interpretation by the acceptance of rentals.

We can put this in tighter perspective. Defendant's answer, while admitting the existence of the lease, denies practically every paragraph of the complaint, and as to each, he says:

> "The facts alleged . . . were heretofore litigated in County Court Action No. 32148; that in said latter proceeding, the court ruled that the facts therein established did not uphold the right to forcible entry and detainer action; that judgment was, therefore, rendered in favor of the defendant in this cause, and against the plaintiff;"

Plaintiff did not reply to this affirmative matter. She did, however, deny by reply the second defense that she "accepted rentals without objection or notice, and that such acceptance of rentals constitutes the full and complete waiver, . . . of all charges made in . . . (the) complaint."

With regard to the first defense of estoppel we are not favored by any showing in the abstract of precisely the course this prior litigation took except that defendant was found "not guilty." Plaintiff contends that this dearth of abstracted material permits us to ignore the point. Richman Chemical Company v. Lowenthal, 16 Ill App2d 568, 571, 149 NE2d 351. She argues that to properly invoke the doctrine there must be, at the very least, a concrete showing that a material issue is being determined anew. Skidmore v. Johnson, 334 Ill App 347, 79 NE2d 762. Plaintiff says

that since we cannot tell, the point need not be considered. Chicago Historical Society v. Paschen, 9 Ill2d 378, 137 NE2d 832. Defendant, on the other hand, points to plaintiff's "admission" of the affirmative material just quoted, which he says is a sufficient display in the abstract to invoke the doctrine. Plaintiff on her part parries this characterization by saying that silence may admit facts but it does not admit legal conclusions. Plaintiff is right if these defensive allegations are "conclusions of law", Crerar Clinch Coal Company v. Board of Education, 13 Ill App2d 208, 141 NE2d 393, and defendant is right if they can be labeled "statements of fact", Hudson v. Mandaback, 22 Ill App 2d 296, 160 NE2d 715; Ill Rev Stats 1959, c 110, §§ 32 and 40(2). We eschew a determination as to who is right on this abstruse point. We prefer to grapple with the substantive issue—if we can get there. Fortunately we think we can side-track this point by asking this question: Does a forcible entry and detainer action between A and B ever decide matters other than the right to immediate possession?

 An action for forcible entry and detainer is purely possessory. Saxmann v. Allen, 410 Ill 31, 101 NE2d 69. It is governed by statute (Ill Rev Stats 1959, c 57, § 1, et seq.) and the immediate right to possession is all that is involved. A court entertaining such an action is therefore a court of special and limited jurisdiction without equitable powers. Managh v. Hill, 12 Ill App2d 80, 138 NE2d 707. Being purely possessory, title cannot be tried. This is true even though title documents are received in evidence. Urbach v. Green, 15 Ill App2d 186, 145 NE2d 808. Since the judgment cannot affect title, it is not determined, even though a question of title may be involved. Leslie v. Wyant, 293 Ill App 626, 12 NE2d 340.

What then is the effect of plaintiff admitting [if she does] that the facts alleged in her complaint

"were heretofore litigated" in the forcible entry and detainer action? Does this happenstance impinge on the present action? The answer is no. Defendant does not say that there has been a prior construction of the lease in his favor. What he says is that the facts litigated "do not uphold the right to forcible entry and detainer action." This is something quite apart from saying that such facts do not uphold the right to declaratory and injunctive relief. The County Court if it did construe the lease was construing it solely to determine if the plaintiff should be put into immediate possession. For all we know, the court may have found that defendant had indeed violated the terms of the lease—hence adopted plaintiff's interpretation—but even so found that such violation did not put defendant out. Text in one context is not always text for the next. Seno v. Franke, 16 Ill App2d 39, 147 NE2d 469.

■ ■ We have thus answered our question. Serious questions of interpretation can no more be tried in a forcible entry and detainer action than questions of title, at least to the extent that the parties are bound forevermore. For the doctrine of estoppel by verdict to operate there must not only have been a finding of a specific fact in the former judgment material and controlling in both cases, but to act as a bar, it must have been so in issue that it was necessarily determined by the court rendering that judgment. 18 ILP 67, Estoppel, Sec 3 in Hoffman v. Hoffman, 330 Ill 413, 418, 161 NE 723. In Seno, we find this statement: ". . . the judgment or ruling in the former suit concludes only those matters actually in issue and upon which the determination rested." True, the facts may have been "heretofore litigated," but that is not the same thing as saying that they were there "material and controlling." Nor can we infer that even though such facts were litigated, that they were so

"actually in issue" that they were "necessarily determined" in finding defendant not guilty. It follows that the prior action between these parties does not bar the present action.

█ With regard to the issue of waiver, we have this procedural situation. As we have seen, defendant raised the defense of waiver "of all charges made" in the complaint which plaintiff denied. Thus the trial court had before it a sharply defined issue. But we are denied this advantage. In fact, the issue is not presented at all, and we are without means this time to extricate ourselves. Defendant, in the division of his brief entitled "Points and Authorities" states that the "acceptance of rentals . . . is a waiver of such *forfeiture*." His argument speaks entirely to this point with only one case cited. Forfeiture, however, was not a part of plaintiff's case. Instead of arguing that plaintiff waived her right to a particular interpretation of the lease, he argues here that she waived her right to forfeit the lease. The court below did not declare a forfeiture. Plaintiff in her answering brief therefore argues that we can slough off this point since courts of review do not sit to decide abstract questions of law. This is, of course, correct. In re Craeger, 323 Ill App 594, 56 NE2d 649. We are, therefore, totally bereft of any assistance in resolving the validity of this defense. It is true that in his reply brief, defendant finally states his point correctly— "the court will see that the affirmative defense is not directed to a forfeiture of the lease; . . ."—but at this juncture we are precluded from further consideration in view of Rule 39 of the Supreme Court which states: "Reply briefs, if any, shall be confined strictly to the points presented by the brief of the appellee." (Ill Rev Stats 1959, c 110, § 101.39) Rule 7 of this court is to the same effect.

██ Vacuity of argument is not the way to get courts to decide issues. Here the true issue of waiver

466

is neither raised nor argued. And even if the point is raised but not argued, we can still ignore it. Green v. Waller, 17 Ill2d 392, 161 NE2d 858. Rule 39 of the Supreme Court is again controlling: ". . . a point made but not argued may be considered waived." We think that under the circumstances we are justified in not considering it. Illinois Transit Lines v. Packer City Transit Lines, 9 Ill App2d 161, 132 NE2d 433. The doctrine of waiver can be a complex one. Had defendant raised and argued the point it would have triggered plaintiff into an argument, with every reasonable expectation that further elucidation would follow in the reply brief. But unhappily this never came to pass. The fact that we can now finally discern this issue as posited in the reply brief is of no assistance and we are certainly not called upon to brief and resolve the issue ourselves. Accordingly, the decree appealed from is affirmed.

Affirmed.

DOVE and McNEAL, JJ., concur.