Donald McKinney, Plaintiff-Appellee, v. City of East St. Louis, a Municipal Corporation, Defendant-Appellant.

Gen. No. 62–O–27.

Fourth District.

February 7, 1963.

Robert F. Godfrey, of East St. Louis, for appellant.

William R. Hotto, of East St. Louis, for appellee.

SCHEINEMAN, P. J.

This is an appeal from a summary judgment in favor of plaintiff, McKinney, in the amount of $3200 for back pay for services rendered as a police officer of the defendant, City of East St. Louis.

Some months prior to this suit there had been an Administrative Review Proceeding, in the same Court, involving this plaintiff and the Board of Fire and Police Commissioners of the same city, wherein a final order was entered that plaintiff be paid eight months back pay at his regular monthly rate, and no appeal was taken from that judgment.

In the present suit, the essential allegations of the complaint were the prior judgment, that the rate of pay was $400 per month and that no part of it had been paid; none of which was denied. Also, in answers to interrogatories, the City admitted plaintiff's rate of pay was $400 per month, that payment had been refused and that the court records contained the prior judgment.

The principal defense asserted by the City in the trial court and in this court is, that it was not named as a party in the Administrative Review Proceeding, therefore, that proceeding was not binding upon it, and the prior judgment could not be made the basis for a summary judgment in this suit.

Many of the administrative functions of a city are, by law, delegated to specific officials, boards, or commissions, as agencies of the municipality, with authority to hear and determine disputes arising over their actions. Their decisions are subject to review in the circuit court. Ill Rev St c 110, § 275. The statute does not require that the municipality, which appointed the agency, be made a party. Since there was no appeal from the prior judgment, there cannot be any question as to the court's jurisdiction of the subject matter.

■ ■ Thus the argument reduced itself to this: that, even though the city's own agency had acted and made a decision duly reviewed in the manner provided by law, yet all this procedure is a nullity as to the city, because it was not a nominal party therein,

and that the whole matter is now subject to relitigation in this suit.

The law cannot tolerate such an absurdity. The correct rule is: when a judgment is rendered against an officer of a municipal corporation who sues or is sued in his official capacity the judgment is binding upon the corporation, upon other officers of the same municipal corporation who represent the same interest, and upon all residents and taxpayers thereof. See 38 Am Jur Sec 729, p 431 (Municipal Corporations).

Actually, this rule is reciprocal, i. e., a judgment against the city's official agent binds the city. City of Elmhurst v. Kegerreis, 392 Ill 195, 64 NE2d 450. And a judgment against the municipality binds its official agents. Ward v. Field Museum of Natural History, 241 Ill 496, 89 NE 731. Hence, the prior judgment was binding on the city.

▪ The brief for the city contains other trivial arguments, e. g., that the affidavit with the motion for summary judgment was defective. The statute provides the motion may be made with or without a supporting affidavit. Ill Rev St c 110, § 57(1). The defense that the prior judgment was not binding on the city raised a question of law, not submissible to a jury. The court could take judicial notice of its own prior judgment, the rate of pay was admitted, as well as the refusal to pay the amount due.

This is clearly the type of case in which no affidavit was necessary. There was no triable issue of fact, and the plaintiff was entitled to judgment as a matter of law. The judgment is affirmed.

Judgment affirmed.

CULBERTSON and HOFFMAN, JJ., concur.