Jack L. McMillen, et al., Appellees, v. Roy Rydbom, et al., Appellants.

Gen. No. 64-61.

Second District.
February 16, 1965.
Supplemental opinion April 9, 1965.
Rehearing denied April 9, 1965.

Richard C. Koch, of Chicago, and David H. Armstrong, of Aurora (Allan L. Blair, David H. Armstrong and Richard C. Koch, of counsel), for appellants.

Sype and Kalivoda, of Rockford (Fredrick F. Kalivoda, of counsel), for appellees.

DAVIS, J.

This is an appeal from the Order of the Circuit Court of Winnebago County overruling defendants' motion to strike and dismiss plaintiffs' amended complaint and from a decree pro confesso quieting plaintiffs' title to certain real estate by invalidating a tax

deed and a certain mesne conveyance based on such deed.

Plaintiffs' amended complaint alleged that "defendants' claim in said premises is based on an invalid tax deed dated December 8, 1962, and is a cloud on plaintiffs' title," and that plaintiffs are fee owners of said premises, having taken title thereto by a certain Trustee's Deed dated July 5, 1956.

Defendants' motion charged that the Circuit Court lacked jurisdiction to set aside the tax deed. The basis for this contention was that said complaint constituted an unwarranted attack on the validity of the Order of the County Court of Winnebago County, authorizing the issuance of the tax deed, in violation of the provisions of section 266 of the Revenue Act of 1939, as amended. (Ill Rev Stats 1963, c 120, par 747).

The Order of the County Court was entered December 4, 1962. It recited that "all notice required by law has been given and petitioner, John J. O'Brien has complied with all provisions of the law entitling it to a tax deed to said parcel of real estate."

The motion asserted that the defendants became bona fide purchasers of said premises on December 10, 1963; that plaintiffs had knowledge that sale of said premises to defendants was imminent, yet failed to take action until the filing of this action on or about March 2, 1964; and that therefore defendants' title cannot be disturbed. Defendants' motion also challenged the plaintiffs' allegation "that defendants' claim . . . is based on an invalid tax deed" and plaintiffs' allegation of ownership of said premises, as unjustified and erroneous legal conclusions, and stated that said complaint did not state a cause of action.

Upon hearing in the trial Court, the defendants elected to stand on their motion to strike and dismiss

the amended complaint. The Court thereupon over-ruled defendants' motion, took said complaint as confessed by the defendants, and, without the benefit of evidence concerning the matters in issue, entered the Order appealed from.

The propriety of the Order appealed from rests squarely upon the construction of section 266 of the Revenue Act as amended in 1951, (Ill Rev Stats 1963, c 120, par 747), and section 72 of the Civil Practice Act (Ill Rev Stats 1963, c 110, par 72), pertaining to the conclusive effect of the order of the County Court in the county collector's annual application for judgment and sale for delinquent taxes for 1958. Such order judicially determined the performance of conditions precedent to the issuance of a tax deed relative to notice and directed that such deed issue.

These statutes were construed by the Illinois Supreme Court in a gamut of cases beginning with Cherin v. R. & C. Company and ending with Urban v. Lois, Inc., to wit: Urban v. Lois, Inc., 29 Ill2d 542, 194 NE2d 294 (1963); People ex rel. Wright v. Doe, 26 Ill2d 446, 187 NE2d 222 (1962); Freisinger v. Interstate Bond Co., 24 Ill2d 37, 179 NE2d 608 (1962); Stanley v. Bank of Marion, 23 Ill2d 414, 178 NE2d 367 (1961); Shapiro v. Hruby, 21 Ill2d 353, 172 NE2d 775 (1961); Remer v. Interstate Bond Co., 21 Ill2d 504, 173 NE2d 425 (1961); Southmoor Bank and Trust Co. v. Willis, 15 Ill2d 388, 155 NE2d 308 (1958); and Cherin v. R. & C. Co., 11 Ill2d 447, 143 NE2d 235 (1957).

On January 1, 1964, jurisdiction over cases involving a freehold was transferred from the Supreme to the Appellate Court by the New Judicial Article. (Ill Const art VI, § 9, of 1870.) Consequently, the appeal was to this Court.

In the construction of these statutes, the Supreme Court considered the overall legislative purpose of section 266 of the Revenue Act to render tax titles

merchantable and that of section 72 of the Civil Practice Act to provide one simple but comprehensive procedure, applicable to all proceedings, whereby a litigant may seek post-trial relief in all appropriate cases. The penumbral area created by these statutes has been rendered progressively clear only by the course of litigation in these cases.

The development of Illinois law in connection with the issuance of tax deeds, before and after the 1951 amendment of Section 266, was reviewed in Cherin v. R. & C. Co., 11 Ill2d 447, 143 NE2d 235. At pages 451 and 452, the Court stated:

"Prior to the amendment of 1951 the statutes contemplated that the county clerk should administratively determine the factual matters giving rise to the substantive rights of parties after an annual tax sale, namely the expiration of the period of redemption and the giving of statutory notices. Such determination was made by him from affidavits on file in his office and he issued tax deeds therefrom as the culmination of the annual tax sale involved (Laws of 1933, p 923; People v. Altman, 9 Ill2d 277). Since this was not a judicial determination of facts, this court, on review, required the utmost in strict observance of form. No defect or omission in the affidavit filed with the clerk could be supplied, regardless of what the real facts might have been (Esker v. Heffernan, 159 Ill 38, 45; Gage v. Mayer, 117 Ill 632, 638.) It was beyond the power of the court to determine from the evidence upon hearing whether the statutory conditions precedent had been met. (Lawton v. Sweitzer, 354 Ill 620, 630.) Such exacting, technical procedure resulted in numerous defective titles and time-consuming litigation, and served to encumber rather than free land to once again enter the stream of com-

19

merce and bear its aliquot share of the tax burden."

In Cherin at pages 452 and 453, the Court held that the legislature, in Section 266 of the Revenue Act as amended in 1951, assimilated the procedure approved by the Court in Clark v. Zaleski, 253 Ill 63, 97 NE 272 (1912), relative to tax foreclosure proceedings; and that under the 1951 amendment, the procedure of filing petition, in the annual application for judgment and sale for delinquent taxes, for supplemental decree for the issuance of tax deed was approved, proof of notice by requisite affidavit discontinued, judicial determination of statutory compliance ordained, collateral attack thereof barred, and greater stability of title established.

The Court also held, in Cherin, that the County Court had jurisdiction to order tax deed to issue. At pages 454 and 455, the Court stated:

"The county court had jurisdiction of the subject matter and acquired jurisdiction of the land in question in this proceeding by publication in the county collector's application for judgment and sale of delinquent lands, and retained jurisdiction to enter order for issuance of deed and writ of assistance, upon proof of notice as provided in section 263 of the Revenue Act. (Ill Rev Stats 1955, c 120, par 744.) The legislature gave the county court the same jurisdiction to hear and determine supplemental proceedings as in tax foreclosure proceedings. (People v. Altman, 9 Ill2d 277.) This jurisdiction was properly invoked in this case for a conclusive determination that respondent had done all things required by the statute to entitle it to a tax deed."

In Southmoor Bank and Trust Co. v. Willis, 15 Ill2d 388, 393–396, 155 NE2d 308, the Court construed sec-

20

tion 266 of the Revenue Act, which provided for the incontestability of the tax deeds except by appeal from the Order of the County Court directing their issuance and for its liberal construction to promote merchantability, with the provisions of Section 72 of the Civil Practice Act. The Court there held that petition under Section 72 of the Civil Practice Act cannot be used to put in issue questions previously adjudicated by valid means.

In the case of People ex rel. Wright v. Doe, 26 Ill2d 446, at pages 451 and 452, 187 NE2d 222 the Court stated:

> "Thus, in Southmoor Bank and Trust Company v. Willis, 15 Ill2d 388, we clearly indicated that section 72 of the Civil Practice Act is available to afford relief from tax deed orders when facts establishing the right to such relief are alleged and proved. In the Southmoor case, the tax deed was attacked, not for lack of proper notice, but upon other grounds. In fact, the petition was heard upon a stipulation in which it was conceded that all notices required by law were served upon the necessary parties, and that the grantee of the original tax deed holder was a bona fide purchaser. Under these circumstances, we held that the county court had properly denied relief, saying that section 72 of the Civil Practice Act 'cannot be used to again put in issues questions previously adjudicated by valid means, (citation) and cannot be used to set aside an order, judgment or decree which will affect the right, title or interest in or to any property of any person, not a party to the original action, acquired for value after the entry of the order, judgment, or decree, but before the filing of such petition, unless lack of jurisdiction

affirmatively appears from the record proper.'
(15 Ill2d 388, 395–6.)"

■ The series of cases cited above have pronounced that section 266 of the Revenue Act, as amended in 1951 provides that tax deeds issued pursuant thereto shall be incontestable except by appeal from the order of the County Court directing the County Clerk to issue such deed. By this enactment, the legislature intended that tax titles should be subject only to direct attack unless the circumstances are such as to warrant the application of section 72 of the Civil Practice Act (Ill Rev Stats 1963, c 110, par 72), or unless the Order for deed was utterly void. See Stanley v. Bank of Marion, 23 Ill2d 414, 417–418, 178 NE2d 367 (1961); Shapiro v. Hruby, 21 Ill2d 353, 358, 172 NE2d 775 (1961); Cherin v. R. & C. Co., 11 Ill2d 447, 454–455, 143 NE2d 235 (1957).

■ A petition under section 72 is available only to correct errors appearing on the face of the record or to bring before the Court facts not appearing in the record nor previously determined which, if known to the Court at the time the judgment or decree was entered, would have prevented its rendition. Southmoor Bank & Trust Co. v. Willis, 15 Ill2d 388, 393–396, 155 NE2d 308 (1958).

The scope of the decisions first cited is considered in People ex rel. Wright v. Doe, 26 Ill2d 446, 449–453, 187 NE2d 222 (1962). Such decisions hold that a petition containing appropriate allegations of fraud, in connection with a tax deed proceeding, is entitled to a hearing under section 72. Freisinger v. Interstate Bond Co., 24 Ill2d 37, 42, 179 NE2d 608 (1962); Remer v. Interstate Bond Co., 21 Ill2d 504, 514, 173 NE2d 425 (1961).

The amended complaint contained no allegations of fraud, or no allegations which established that the

Order for issuance of deed was void. No evidence was offered to support plaintiffs' allegations that "defendant's claim in said premises is based on an invalid tax deed dated December 8, 1962, and is a cloud on plaintiffs' title," and that plaintiffs are fee owners of said premises. In addition, the plaintiffs filed no answer or counter-affidavits to the affirmative allegations contained in defendants' verified motion to strike and dismiss said complaint.

While a motion to dismiss admits all facts well pleaded, it does not admit conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest. Pierce v. Carpentier, 20 Ill2d 526, 531, 169 NE2d 747 (1960); Joslin v. Ashleford, 29 Ill App2d 202, 209, 172 NE2d 806 (2d Dist 1961). The pro confesso order herein concluded the defendants against whom it was entered, as to all matters of fact properly alleged in the complaint, but such defendants cannot be held to have confessed any conclusions of the pleader or matters of law so alleged. (Dillman v. Dillman, 409 Ill 494, 499, 100 NE2d 567 (1951).) Thus, plaintiffs' said allegations, which were unsupported conclusions of law and fact, were not admitted by said motion and were not confessed by said decree.

The County Court of Winnebago County had jurisdiction of the subject matter, and of the parties to said tax proceedings; it had jurisdiction to hear petition for issuance of tax deed and to order deed to issue, upon proof of notice as provided in section 263 of the Revenue Act. In absence of appeal, its order stands as a valid judgment, subject to attack after thirty days only by petition filed under section 72 of the Civil Practice Act, in a proper case.

In the light of the facts in this case and these decisions, plaintiffs' amended complaint failed to state a cause of action. It was a collateral attack on

the order of the County Court finding that all notices required by law had been given, and that deed issue. Even if said chancery complaint is treated as a section 72 proceeding, it seeks to again put in issue the factual question of proper notice, which was previously adjudicated. Section 72 is not available for such purpose, in the absence of fraud. Urban v. Lois, Inc., 29 Ill2d 542, 550, 194 NE2d 294 (1963). Consequently, the prior finding of the County Court of compliance with all the provisions of the law entitling petitioner to a tax deed, could not, even in absence of a third party purchaser, be disputed in this proceeding. Southmoor Bank & Trust Co. v. Willis, 15 Ill2d 388, 396, 155 NE2d 308 (1958). Under the pleadings, defendants herein were third party bona fide purchasers and entitled to the protection afforded by section 72(5) of the Civil Practice Act. (Ill Rev Stats 1963, c 110, par 72(5)); also see Southmoor Bank & Trust Co. v. Willis, 15 Ill2d 388, 396, 155 NE2d 308 (1958).

Section 9 of the New Judicial Article (Ill Const art VI, § 9, 1870) effective January 1, 1964, gave the Circuit Court unlimited original jurisdiction of all justiciable matters. Our former system of many courts with varying original jurisdiction was abolished. Today, litigants are no longer thwarted in vindicating their rights by the technicality of having started a proper suit in the wrong Court. Thus, in the case at bar, the Circuit Court had jurisdiction over the tax proceeding in question in this suit. In view of the broad scope of relief available under section 72, the post-trial relief formerly available in a court of equity, can now be obtained under section 72. Freisinger v. Interstate Bond Co., 24 Ill2d 37, 45, 179 NE2d 608.

Accordingly, the judgment of the trial Court, overruling defendants' motion to strike and dismiss the amended complaint, and quieting plaintiffs' title to

24

said real estate, is reversed, and plaintiffs' amended complaint is dismissed.

Judgment reversed.

ABRAHAMSON, P. J. and MORAN, J., concur.

### Supplemental Opinion on Denial of Petition for Rehearing

Plaintiffs filed a petition for rehearing herein asking that the decree pro confesso of the trial court be affirmed in that the order entered by the County Court, by Judge Fred J. Kullberg, on December 4, 1962, in cause No. 32,280, authorizing the issuance of tax deed, did not describe therein the premises in question, but rather referred to other premises. A certified copy of this order was attached as an exhibit to defendants' motion to strike and dismiss the complaint. Such order, in fact, did not pertain to the real estate in question.

Defendants' verified motion to strike and dismiss was predicated on said order pertaining to the premises in question. No counter affidavits were filed by plaintiffs denying the pertinency of said order and they offered no evidence in support of said decree pro confesso. The decree itself contained no finding that said County Court order did not pertain to the premises in question. The record reflects no word or act by plaintiffs in the trial court, objecting to, or attacking said order by virtue of the erroneous description.

After plaintiffs' petition for rehearing was filed raising only this point, defendants filed a motion to strike the petition for rehearing, which we denied. Defendants also filed a motion, pursuant to section 92 of the Civil Practice Act (Ill Rev Stats 1963, c 110, sec 92) asking leave to amend the record by adding there-

25

to, a certified copy of the order entered in the County Court, by Judge Fred J. Kullberg, on December 4, 1962, in cause No. 32,280, authorizing the issuance of tax deed to the premises in question. They alleged that this order, due to inadvertence, was not incorporated in the transcript of record on appeal. We allowed this motion and amended the record herein, accordingly.

The certified copy of the order which we allowed defendants to file, was identical in all respects to the order attached to the motion to strike, except for the description of the premises. It was a form order wherein the person drafting it could insert the description of the pertinent premises. It is evident that several orders were entered on the same day, before the same judge, in the same cause, varying only in the description of the respective premises involved. Through inadvertence, a certified copy of a nonpertinent order was attached to defendants' motion to strike the amended complaint.

■ Defendants' verified motion to amend asserts that "no issue was raised in the trial court concerning any discrepancy between the property described in plaintiff's complaint and the property described in said order directing the issuance of a tax deed." This is not denied by plaintiffs. Rather, they assert that they raised this point in both their brief and argument, and that "In the exercise of appellate jurisdiction, neither the Supreme Court nor the Appellate Court can permit either party to introduce evidence or proof which was not made part of the record while the case was in the trial court, and a statutory provision, former paragraph (1)(d) of section 92 of the Civil Practice Act, purporting to authorize the introduction of such evidence in a court of review was held unconstitutional as an attempt to confer original juris-

26

diction. ILP Appeal and Error, sec 702 (Atkins v. Atkins, 393 Ill 202)."

Section 92(1)(a) and (c), provide:

"(1) In all appeals the reviewing court may, in its discretion, and on such terms as it deems just,

(a) Exercise all or any of the powers of amendment of the trial court; . . .

(c) Order or permit the record to be amended by correcting errors or by adding matters which should have been included;"

We believe that we properly permitted the defendants to amend the record in question.

■ Courts will take judicial notice of their own records. In City of East St. Louis v. Touchette, 14 Ill 2d 243, 247, 249, 150 NE2d 178 (1958), a County Court took judicial notice of its exhibits; in Fox v. Fox, 9 Ill2d 509, 518, 138 NE2d 547 (1956), the Supreme Court took judicial notice of testimony of the worth of a litigant as related in a prior case before it, which involved the party in question; in McKinney v. City of East St. Louis, 39 Ill App2d 137, 139, 188 NE2d 341 (4th Dist 1963), the Appellate Court held that the Circuit Court could take judicial notice of its own prior judgment; and in Petrando v. Barry, 4 Ill App2d 319, 321, 124 NE2d 85 (1st Dist 1955), the Appellate Court took judicial notice of its own records.

In the case at bar, the Circuit Court had jurisdiction over the tax proceeding in question and would take judicial notice of its own records, which included the pertinent order of the County Court authorizing the issuance of the tax deed attacked by plaintiffs. The granting of defendants' motion to amend the record, amounted to nothing more than an amendment of a pleading, which is permissible under section 92(1)(a).

The allowance of the amendment also falls within the provisions of section 92(1)(c) in that it corrects an error in the record and adds matters which should have been included. The matters added, however, were limited to matters over which the trial court had judicial notice.

The circumstances in the case at bar are readily distinquishable from those in Atkins v. Atkins, 393 Ill 202, 65 NE2d 801 (1946), which was cited by plaintiffs. In Atkins, the Supreme Court held that it could not admit evidence in proceedings in which it did not have original jurisdiction in the matter. In the case at bar, we permitted the amendment of a pleading and record by adding thereto a matter over which the trial court had judicial notice, and, by so doing, corrected an error in the record. Such amendment did not permit the defendants to offer evidence in a court of review, which was not a part of the record of the trial court.

In addition, the case was not tried or decided in the trial court on the issue of any discrepancy between the property described in the order of the County Court and that described in plaintiffs' amended complaint. The theory, upon which a case is tried in a lower court, cannot be changed on appeal; and an issue not presented to, or considered by the trial court, cannot be raised for the first time on review. Woman's Athletic Club of Chicago v. Hulman, 31 Ill2d 449, 454, 202 NE2d 528 (1964); Benson v. Isaacs, 22 Ill2d 606, 610, 177 NE2d 209 (1961); In re Estate of Leichtenberg, 7 Ill2d 545, 548, 131 NE2d 487 (1956); McCook Window Co. v. Hardwood Door Corp., 52 Ill App2d 278, 285, 202 NE2d 36 (1st Dist 1964); People ex rel. Bourne v. Johnson, 48 Ill App2d 307, 309, 199 NE2d 68 (1st Dist 1964).

Plaintiffs' Brief, under "Points and Authorities" VII, states: "The county court order appearing

in the record on appeal is not pertinent to this matter as it does not pertain to the real estate in question." However, Point VII is not included in plaintiffs' Argument and it is the only point under "Points and Authorities" which is omitted from the Argument. There is no reference to this point under the headings, "Nature of the Case"; "Plaintiffs' Theory of the Case"; or "Statement of Facts." In fact, there is no other reference in the Brief to this point. Under Appellate Court Rule 7, (Ill Rev Stats 1963, c 110, par 201.7), we are not required to review an alleged error which is not argued. A point made but not argued may be considered waived. Green v. Waller, 17 Ill2d 392, 402, 161 NE2d 858; Pipitone v. Mandala, 33 Ill App2d 461, 467, 180 NE2d 33; River v. Atlantic & Pacific Tea Co., 31 Ill App2d 232, 239, 175 NE2d 593 (4th Dist 1961).

 There is, however, a more compelling reason for our decision. It lies in the basic purpose of the Civil Practice Act: the removal of barriers which prevent the trial of a case on its merits and the facilitation of procedures to accomplish this end. In adopting the Civil Practice Act, the General Assembly "acted in response to prevailing dissatisfaction with procedural doctrines which had exalted the role of a trial as a battle of wits and subordinated its function as a means of ascertaining the truth." Krupp v. Chicago Transit Authority, 8 Ill2d 37, 41, 132 NE2d 532 (1956). The overall philosophy of liberal construction of the Practice Act precludes the determination of rights of litigants upon the technicalities of pleading and procedure when such rights may, within the spirit and letter of the Act, be adjudicated on their merits. Fleshner v. Copeland, 13 Ill2d 72, 77, 147 NE2d 329 (1958); People ex rel. Terry v. Fisher, 12 Ill2d 231, 145 NE2d 588 (1957); Hruby v. Chicago Transit Authority, 11 Ill2d 255, 142 NE2d 81 (1957); People ex

rel. Noren v. Dempsey, 10 Ill2d 288, 139 NE2d 780 (1957); Ill Rev Stats 1963, c 110, par 4.

For the foregoing reasons, we adhere to the opinion as originally adopted and the petition for rehearing is denied.

ABRAHAMSON, P. J. and MORAN, J., concur.